**Richard SPIKA, et al.,
Plaintiffs-Appellants,**

v.

**The VILLAGE OF LOMBARD,
ILLINOIS, Defendant-Appellee.**

**No. 84–2173.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 8, 1985.[*]

Decided May 22, 1985.

Rehearing and Rehearing En Banc
Denied July 2, 1985.

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Stanley H. Jakala, Berwyn, Ill., for plaintiffs-appellants.

Sarah Hansen Sotos, Judge & Knight, Ltd., Park Ridge, Ill., for defendant-appellee.

Before CUDAHY, POSNER and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Certain police officers and firefighters of the Village of Lombard (Village) brought a section 1983 action against the Village seeking monetary damages and declaratory relief for alleged violations of their constitutional rights under the due process and equal protection clauses of the fourteenth amendment. The district court, adopting the Magistrate's report and recommendation, dismissed the plaintiffs' second amended complaint for failure to state a claim. We do not reach the merits of this appeal because the notice of appeal was not timely filed. Therefore, we dismiss the appeal for lack of appellate jurisdiction.

The Village Board of Trustees passed Ordinance No. 2533, to become effective on June 1, 1982, providing for step-up salary increases to the Lombard police and firefighter forces. The plaintiffs alleged that the Village's fifteen year custom and practice of paying step-up salary increases created an implied contract which became an express contract recognizing the custom and practice by the passage of Ordinance No. 2533. Plaintiffs therefore contended that the failure of the Village to pay the increases constituted a violation of the plaintiffs' liberty interests and property rights protectable under the fourteenth amendment.

Upon the Village's motion to dismiss for failure to state a claim, the case was referred to a Magistrate for ruling and decision. On November 29, 1983, the Magistrate recommended that the motion be granted for failure to show a protected property or liberty interest. Plaintiffs' filed exceptions to the Magistrate's report and recommendation and the Village responded to the plaintiffs' exceptions. On December 23, 1983, the district court adopted the Magistrate's report, dismissed the second amended complaint, and entered judgment. On June 15, 1984, the plaintiffs moved under Rule 60(b)(6) requesting the court to vacate and reenter its judgment so that a timely notice of appeal could be filed. Plaintiffs' counsel stated in an affidavit attached to the motion that neither he nor opposing counsel received notice from the clerk of the district court's entry of judgment although the docket contains a notation that notices were mailed. Apparently, plaintiffs' counsel checked the status of the case on May 24, 1984 and discovered the matter had been dismissed. On July 5, 1984, the district court vacated and reentered the judgment. A notice of appeal was filed July 13, 1984 from the judgment granting the Village's motion to dismiss for failure to state a claim.

This court ordered the parties to address the question of timeliness of the appeal. The Village of Lombard did not take that opportunity to argue that the appeal was untimely, nor has it ever challenged the action of the district court granting Rule 60(b)(6) relief. The appellants have submitted essentially the same memorandum as they submitted to the district court in support of their Rule 60(b)(6) motion.

We must consider the timeliness of the appeal even though it was not raised by the parties. *In re Bassak*, 705 F.2d 234, 236 (7th Cir.1983). The time limitations

within which an appeal may be taken are mandatory and a condition to the exercise of our jurisdiction. *See Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106 (7th Cir.1985); *United States v. Roberts*, 749 F.2d 404 (7th Cir. 1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1770, 84 L.Ed.2d 830 (1985); *Sanchez v. Board of Regents*, 625 F.2d 521, 522 n. 1 (5th Cir.1980). If the district court abused its discretion in extending the appeal period by vacating and reentering judgment, we are without jurisdiction. *Rodgers v. Watt*, 722 F.2d 456 (9th Cir.1983) (en banc); *Kramer v. American Postal Workers Union, AFL–CIO*, 556 F.2d 929, 931 (9th Cir. 1977) (per curiam); *In re Morrow*, 502 F.2d 520, 523 (5th Cir.1974). *But see Mizell v. Attorney General*, 586 F.2d 942, 944–45 n. 2 (2d Cir.1978) (treating the issue as waived by the parties), *cert. denied*, 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979).

A notice of appeal must be "filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from...." Fed.R. App.P. 4(a)(1). The district court may extend the time for filing a notice of appeal if appellant files a motion not later than 30 days after the expiration of the 30-day notice period and if excusable neglect or good cause is demonstrated. Fed.R.App.P. 4(a)(5). The extension available under Rule 4(a)(5) is not applicable in this case. Rather, the issue presented here is whether Federal Rule of Civil Procedure 60(b)(6) can be used to avoid the mandate of Federal Rule of Civil Procedure 77(d) that lack of notice of entry of judgment does not affect the time to appeal prescribed in Federal Rule of Appellate Procedure 4(a).

Rule 77(d) originally established merely that the clerk had a duty to serve by mail a notice of the entry of judgment upon all parties appearing in the case. No statement was made about the effect of a failure by the clerk to perform this duty. In *Hill v. Hawes*, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), however, the Supreme Court was confronted with precisely this problem. Relying on the failure of the clerk to perform the duty outlined in Rule 77(d), the Court held that it was permissible for the trial court to vacate its original order and reenter the same order to allow the taking of a timely appeal. *Id.* at 524, 64 S.Ct. at 336.

In response to *Hill*, the Advisory Committee on Rules amended Rule 77(d) in 1946 by adding a final sentence that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." The purpose of the amendment clearly was to overrule *Hill:*

> Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal.... It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of judgment.

Fed.R.Civ.P. 77(d), Notes of Advisory Committee on Rules.

The district court gave no reasons for its decision to grant Rule 60(b)(6) relief. Several circuits have held that in certain unique or extraordinary circumstances, it would not be inconsistent with the Rules or the intent of Congress for the district court to vacate and reenter the original order for the purpose of reviving a lost right to appeal. *See* 9 J. Moore, B. Ward, J. Lucas, Moore's Federal Practice ¶ 204.13[5] (1985). Authority to do this has been based on Rule 60(b). Rule 60(b)(6), the basis for relief in this case, provides that, upon motion and under such terms as are just, the district court may relieve a party from a final judgment or order for "any other reason justifying relief from the operation of the judgment." As the Supreme Court has noted, Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appro-

priate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 1099 (1949).

Most circuits allow Rule 60(b) relief to revive a lost right to appeal only where the appellant has exercised due diligence to ascertain whether the judgment has been entered or has given sufficient reason for the lack of such diligence. *See* Calkins, *The Emerging Due Diligence Standard for Filing Delayed Notice of Appeal in Federal Courts,* 19 Willamette L.Rev. 609 (1983); *see also Rodgers v. Watt,* 722 F.2d 456 (9th Cir.1983) (en banc) (relief proper where diligence shown in checking status and docket sheet entries erroneously out of sequence); *Buckeye Cellulose Corp. v. Braggs Elec. Constr. Co.,* 569 F.2d 1036 (8th Cir.1978) (per curiam) (three inquiries about the status of the case and reliance on clerk's office statement that counsel would be notified sufficient for relief); *Fidelity and Deposit Co. v. USAFORM Hail Pool, Inc.,* 523 F.2d 744 (5th Cir.1975), *cert. denied,* 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976) (relief proper where diligence of counsel and reliance upon express assurance from the district court that inquiries unnecessary). *Cf. L.Z. v. Parrish,* 733 F.2d 585 (8th Cir.1984) (copy of memorandum opinion received but not notice of entry of judgment; no relief available where counsel failed to check status of case until 77 days after receiving copy of memorandum opinion); *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir.) (en banc), *cert. dismissed sub nom. Stark v. Atwood Group,* —— U.S. ——, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984) (counsel relied on clerk to give notice; unique circumstances do not excuse untimeliness when they are unrelated to counsel's failure to file the appeal); *Jones v. Estelle,* 693 F.2d 547 (5th Cir.1982) (per curiam), *cert. denied,* 460 U.S. 1072, 103 S.Ct. 1528, 75 L.Ed.2d 950 (1983) (no unique circumstances nor reasonable diligence where appellant failed to inquire about status for over 13 months); *Hensley v. Chesapeake & O. Ry. Co.,* 651 F.2d 226 (4th Cir.1981) (Rule 77(d) puts responsibility on counsel to inquire regarding the status of a case; counsel should in no event be permitted to wait over 6 months before inquiring about a decision on a motion); *Mizell v. Attorney General,* 586 F.2d 942 (2d Cir.1978), *cert. denied,* 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979) (counsel must make diligent effort to ascertain status of case); *Kramer v. American Postal Workers Union, AFL–CIO,* 556 F.2d 929 (9th Cir.1977) (per curiam) (relief not warranted where counsel waited 3 months to inquire about entry of judgment after proposed order adverse to client had been sent to district court for signature).

The District of Columbia Circuit has applied a more liberal standard in *Expeditions Unlim. Aquatic Enter., Inc. v. Smithsonian Institute,* 500 F.2d 808 (D.C. Cir.1974) (per curiam), stating:

> We believe that a trial court may vacate and reenter a judgment under Rule 60(b) to allow a timely appeal when neither party had actual notice of the entry of judgment, when the winning party is not prejudiced by the appeal, and when the losing party moves to vacate the judgment within a reasonable time after he learns of its entry.

*Id.* at 810. *See also Scola v. Boat Frances, R., Inc.,* 618 F.2d 147 (1st Cir.1980) (dictum). However, we conclude, in accord with the majority of other circuits which have addressed the issue, that the better rule, requiring some diligence, should prevail in this circuit. "The extraordinary relief provided by Rule 60(b) may be granted only upon a showing of exceptional circumstances." *McKnight v. United States Steel Corp.,* 726 F.2d 333, 335 (7th Cir. 1984). Additionally, where Rule 60(b)(6) relief is sought to revive a lost right to appeal, the language of Rule 77(d), as well as the need for finality of judgments, militate in favor of limiting such relief to those instances where some diligence or other special circumstances are shown. We do not decide in this case the availability of relief based on the other subsections of Rule 60(b). *Cf. Rodgers v. Watt,* 722 F.2d

456 (9th Cir.1983) (en banc) (relief based on Rule 60(b)(1) for excusable neglect).

Moreover, the courts have uniformly held that Rule 77(d) bars Rule 60(b) relief when, as here, the *sole* reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment. *See, e.g., Case v. BASF Wyandotte,* 737 F.2d 1034 (Fed.Cir.) (per curiam), *cert. denied,* —— U.S. ——, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984); *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir.) (en banc), *cert. dismissed sub nom. Stark v. Atwood Group,* —— U.S. ——, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984); *Jones v. Estelle,* 693 F.2d 547 (5th Cir.1982) (per curiam), *cert. denied,* 460 U.S. 1072, 103 S.Ct. 1528, 75 L.Ed.2d 950 (1983); *Hensley v. Chesapeake & O. Ry. Co.,* 651 F.2d 226 (4th Cir.1981); *Scola v. Boat Frances, R., Inc.,* 618 F.2d 147 (1st Cir.1980); *Hodgson v. United Mine Workers,* 473 F.2d 118 (D.C.Cir.1972); *Weedon v. Gaden,* 419 F.2d 303 (D.C.Cir. 1969); *Wagner v. United States,* 316 F.2d 871 (2d Cir.1963). We agree.

■ Thus, we need not delineate the exact parameters of the rule we adopt today. Appellants' counsel has asserted no reason for relief other than the failure to receive notice of the entry of the order and judgment. The requisite diligence, sufficient reason for lack thereof, or other special circumstances necessary for Rule 60(b) relief to circumvent Rule 4(a) will require case-by-case analysis. While we do not draw the line in this case, it suffices to say that failure to check the status of a case for six months, where a Magistrate's report and recommendation has already been submitted to the district court, is not sufficient diligence warranting Rule 60(b)(6) relief.

For the foregoing reasons, the district court's grant of Rule 60(b)(6) relief was improper thus making the notice of appeal untimely. We are therefore bound to DISMISS the appeal for failure to file a timely notice.

DISMISSED.