## In re MET–L–WOOD CORPORATION, Debtor.

### Nos. 87–C–4616, 84–B–15506.

United States District Court, N.D. Illinois, E.D.

July 14, 1987.

Richard G. Schultz, Jeffrey C. Blumenthal, Foran, Wiss & Schultz, Chicago, Ill., for American Nat. Bank & Trust Co., appellant.

Constantine John Gekas, Harvitt & Gekas, Ltd., Chicago, Ill., trustee for debtor, for appellee.

## MEMORANDUM OPINION

KOCORAS, District Judge:

American National Bank and Trust Company of Chicago ("ANB") seeks leave to appeal to the district court two orders entered by Bankruptcy Judge Robert Eisen on December 17, 1986 and vacated and reentered by Bankruptcy Judge David Coar on April 30, 1987, awarding interim compensation to the trustee's attorneys and accountants. The trustee opposes the motion on the ground that the notice of appeal and motion for leave to appeal were not timely filed. For the following reasons, the court agrees with the trustee and denies the motion for leave to appeal.

## FACTS

On May 30, 1986, the trustee filed applications with the bankruptcy court seeking interim compensation for his attorneys and accountants. On July 10, 1986, ANB filed its objections to the fee applications. Following the submission of these and further memoranda, Bankruptcy Judge Charles McCormick took the fee applications under advisement. In October 1986, the case was reassigned to Judge Eisen, who was advised of the pending fee applications. In mid-December 1986, the case was again

reassigned, this time to Judge Coar. ANB and the trustee advised Judge Coar of the pending fee petitions.

On February 10, 1987, Judge Coar scheduled an evidentiary hearing for February 27, 1987, on whether ANB had waived its rights to seek attorney's fees and costs from the debtor's estate under section 506(b) of the Bankruptcy Code, 11 U.S.C. § 506(b), and, accordingly whether ANB had lost its right to object to the trustee's petitions for interim compensation. Two weeks prior to the scheduled hearing, on February 13, 1987, the trustee contacted one of ANB's attorneys and informed him that in reviewing the bankruptcy court file, he had discovered two orders entered by Judge Eisen on December 11, 1986, granting the applications for interim compensation. On the same day, the trustee wrote a letter to Judge Coar in which he admitted that on February 12, 1987, he discovered "quite by accident" and "[m]uch to the amazement of the Trustee and his counsel" that on December 11, 1986, Judge Eisen had entered orders granting the fee applications. The trustee stated in the letter that neither he nor his counsel had received notice of the entry of the orders.[1]

Judge Coar then cancelled the scheduled evidentiary hearing, and ANB moved to vacate and set aside Judge Eisen's orders. On April 10, 1987, Judge Coar ruled that, in order to preserve ANB's ability to appeal in a timely fashion, he would vacate and reenter Judge Eisen's orders because of the "extraordinary" circumstances in that "everybody, all the parties and the court [were] under the impression ... that no order had been entered with respect to the fees."[2] Judge Coar's order vacating reentering Judge Eisen's fee orders was docketed on April 30, 1987. ANB filed its notice of appeal and motion for leave to appeal on May 11, 1987. The trustee argues that leave to appeal should be denied, because the notice of appeal and motion are untimely.

## DISCUSSION

■ An order authorizing an interim award of attorney's fees is an interlocutory order. *In re Int'l Envtl. Dynamics, Inc. (Salomon v. Logan)*, 718 F.2d 322, 325 (9th Cir.1983); R. Ginsberg, Bankruptcy ¶ 1202 (1985). As such, they are appealable only with the permission of the district court. 28 U.S.C. § 158(a). An appeal from an interlocutory order is taken by filing a notice of appeal as prescribed in Bankruptcy Rule 8001(a) and a motion for leave to appeal. Bankruptcy Rule 8001(a) provides that the notice of appeal must be filed with the clerk of the bankruptcy court within the time allowed by Rule 8002—ten days. Bankr. R. 8002(a). Thus, ANB's notice of appeal was timely filed if the order appealed from is Judge Coar's order of April 30, 1987, but not if the order appealed from is actually Judge Eisen's orders of December 11, 1986.

Rule 8002 also authorizes the bankruptcy court to extend the time for filing the notice of appeal for an additional twenty days if a party files a request for such an extension within the original ten-day period or within twenty days after the expiration of that period if the party demonstrates "excusable neglect." Bankr. R. 8002(c). This extension is of no help to ANB. Thus, the issue presented here is whether Judge Coar had the power to vacate and reenter Judge Eisen's order to allow the taking of a timely appeal.

The Supreme Court, in *Hill v. Hawes*, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), held that it was permissible for a trial court to vacate an order and reenter the same order to allow a party to perfect a timely appeal where the clerk had failed to serve by mail a notice of the entry of judgment upon all parties in the case as was then required by Federal Rule of Civil Procedure 77(d). In response to *Hill*, Rule 77(d) was amended to provide that the

---

1. A copy of the letter has not been provided to the court. This description of the contents of the letter was supplied by ANB, in its memorandum in support of its motion. The trustee has not objected to the description.

2. Again, the court does not have a transcript of these proceedings, but is relying on ANB's brief.

"[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed...." The Seventh Circuit has stated that the purpose of this amendment was to overrule *Hill. Spika v. Village of Lombard,* 763 F.2d 282, 284 (7th Cir.1985) (citing Notes of Advisory Committee). Bankruptcy Rule 9022(a) is virtually identical to Federal Rule 77(d). It provides:

> Immediately on the entry of a judgment or order the clerk shall serve a notice of the entry ... on the contesting parties and on other entities as the court directs.... Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002.

As previously noted, the exceptions set forth in Rule 8002 do not apply here.

Several circuits have held that in certain unique or extraordinary circumstances, it would not be inconsistent with the Federal Rules or the intent of Congress for a district court to vacate an original order for the purpose of reviving a lost right to appeal. *Spika,* 763 F.2d at 284 (citing 9 J. Moore, B. Ward, & J. Lucas, Moore's Federal Practice ¶ 204.13[5] (1985)). The authority for this is found in Federal Rule 60(b), which provides in part that upon motion and under such terms as are just, the district court may relieve a party from a final judgment or order for "any other reason justifying relief from the operation of the judgment." *Id.* Federal Rule 60 applies to bankruptcy proceedings as well. Bankr. R. 9024.

The Seventh Circuit has held that Rule 60(b) relief is available to revive a lost right to appeal only "where the appellant has exercised due diligence to ascertain whether the judgment has been entered or has given sufficient reason for the lack of such diligence." *Spika,* 763 F.2d at 285. Although the District of Columbia Circuit, in *Expeditions Unltd. Aquatic Enterprises Inc. v. Smithsonian Institute,* 500 F.2d 808 (D.C.Cir.1974), adopted a more lenient standard under which a trial court may vacate and reenter a judgment under Rule 60(b) to allow a timely appeal when neither party had actual notice of the entry of judgment, when the winning party is not prejudiced by the appeal, and when the losing party moves to vacate the judgment within a reasonable time after he learns of its entry, the Seventh Circuit expressly declined to adopt this approach, preferring to limit Rule 60(b)(6) relief "to those instances where some diligence or other circumstances are shown." 763 F.2d at 285. Furthermore, the Seventh Circuit expressly stated in *Spika* that Rule 77(d) bars Rule 60(b) relief when the *sole* reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment. *Id.* at 286.

ANB correctly notes that *Spika* is not directly relevant to this case, since it addressed the standard for relief from judgment under Rule 60(b) which applies only to final judgments or orders, rather than interlocutory orders such as those at issue here. If anything, the interlocutory nature of the orders mitigates the harshness of the rule set forth in *Spika* and thus weighs in favor of its application here. By failing to file a timely notice of appeal as to Judge Eisen's orders, ANB has not altogether lost its ability to seek review of those orders. Although it cannot obtain review of those orders at this juncture, it can nevertheless seek review at the close of the case. Moreover, the possibility remains that Judge Coar, before whom this case is presently pending, will modify or otherwise reconsider Judge Eisen's orders if he determines they were entered improvidently. As successor judge, Judge Coar has the same power to modify, revise or vacate an interlocutory order as the judge who entered it.

■ Although it is true that Judge Coar has the described power, neither Judge Coar nor Judge Eisen had the power to vacate an order, final or interlocutory, so that the time to appeal that order could begin to run anew, even though the parties lacked notice of the entry of the original order. To hold otherwise would be contrary to Bankruptcy Rule 9022, which pro-

vides that failure to receive notice of the entry of an order or judgment does not justify the failure to perfect an appeal in a timely fashion or authorize the court to relieve a party for failure to appeal within the time allowed.

As ANB notes in its reply brief, the Third Circuit held in *Braden v. University of Pittsburgh*, 552 F.2d 948 (3d Cir.1977), that a district court judge could vacate and reenter an order certifying a controlling question for interlocutory review under 28 U.S.C. § 1292(b) when the appellants failed to file a timely petition for leave to appeal the original order because they lacked notice of the original certification order. The Third Circuit's opinion rests to a significant degree on an interpretation of Federal Rule 77(d), as amended after the Supreme Court's decision in *Hill*, and of Federal Rule 60(b), which the Seventh Circuit rejected in *Spika*. In addition, the Third Circuit admitted that two courts had indicated that vacation and recertification are tantamount to enlarging the time to appeal, which the district court lacks power to do. *Id.* at 951 (citing *Woods v. Baltimore & O.R.R.*, 441 F.2d 407 (6th Cir.1971); *Nakhleh v. Chemical Constr. Corp.*, 366 F.Supp. 1221 (S.D.N.Y.1973)).

Therefore, the court finds that ANB's notice of appeal was not timely filed and accordingly denies ANB's motion for leave to appeal.