**Frank DeRANGO, Dennis Smenteck, Joseph Pena, James Ballauer, Robert Eatman, John DeSimmone, and Curtis Lowry, Petitioners–Appellants,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 88–1406.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 15, 1988.

Decided Dec. 21, 1988.

Kenneth E. North, Oak Brook, Ill., Joseph F. Lawless, Jr., Philadelphia, Pa., for petitioners-appellants.

Anton Valukas, U.S. Atty., Chicago, Ill., David J. Stetler, Chief, Criminal Div., James R. Ferguson, Victoria J. Peters, Deputies, Helene B. Greenwald, Asst. U.S. Atty., for respondent-appellee.

Before CUMMINGS, WOOD, Jr., and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

This appeal concerns the petitioners' attempt to file an out-of-time notice of ap-

peal.[1] The district court refused to vacate and reissue its previous order to provide the petitioners a second opportunity to perfect a timely appeal. We affirm.

## I.

### Facts

The seven appellants are former Chicago police officers who were convicted of violating federal narcotics, racketeering, and extortion laws on June 30, 1982.[2] The evidence revealed that they had protected drug dealers and facilitated the sale and distribution of drugs in the Marquette Division of the Chicago Police Department for more than three years. On direct appeal, we vacated the convictions under 21 U.S.C. § 846, affirmed the remainder of the convictions, and remanded for resentencing on all counts. *United States v. Ambrose*, 740 F.2d 505 (7th Cir.1984), certiorari denied, 472 U.S. 1017, 105 S.Ct. 3479, 87 L.Ed.2d 614.

On May 15, 1984 (while their direct appeal was pending), the appellants moved to dismiss the indictment, or in the alternative, for a new trial, on the grounds of prosecutorial misconduct and newly discovered evidence. A supplement to the motion was filed on November 24, 1986. The district court denied the motion on March 19, 1987, and, on March 26, 1987, the appellants filed a motion for reconsideration. The court indicated, in an order docketed on March 30, 1987, that the motion for reconsideration would be denied on April 30, 1987. The court provided this advance notice at the appellants' request; apparently they were anticipating the need to appeal and they wanted adequate time to prepare. As promised, the court's denial of the motion for reconsideration was entered on April 30, 1987. No notice of appeal was filed within the allotted time or even attempted until September 15, 1987.

The appellants claim they never received a copy of the April 30 order denying the motion for reconsideration and that their attorneys first learned of it on July 21, 1987. At about the same time, the appellants acquired new counsel. On August 20, 1987, the new attorneys secured affidavits from the former counsel regarding the non-receipt of the order. On September 15, 1987, the new attorneys submitted those affidavits with a motion asking permission to file a notice of appeal *nunc pro tunc* from the orders of March 30 and April 30, 1987. Significantly, the attorneys' affidavits state only that they did not receive the March 30 order; no mention is made of the April 30 order, the dispositive ruling for this appeal.

After a hearing on the motion on February 5, 1988, the district court ruled that while non-receipt of a court order might give reason to extend the time to appeal an additional thirty days, the court had no discretion to grant further relief. Moreover, the court knew of no authority in this Circuit which would allow its March 19, 1987 order to be vacated and reentered as a means of circumventing the procedural rules as suggested by appellants. The motion to appeal *nunc pro tunc* was thus denied, and this appeal followed.

## II.

Two procedural points need to be addressed initially. First, when the appellants raised their 1984 "motion to dismiss the indictment or for a new trial" in the district court, they did not reveal the procedural or statutory basis for the motion. The government has assumed that the motion was made pursuant to 28 U.S.C. § 2255. However, inasmuch as the appellants were asking for a new criminal trial, due, in part, to newly discovered evidence, the motion could have been raised under Fed.R.Crim.P. 33.[3] If the motion were

---

**1.** Appeal No. 88–2003, originally consolidated with this one, is still under advisement.

**2.** The ten officers who were originally charged were known as the "Marquette 10." The Marquette Division of the Chicago Police Depart-

ment is otherwise known as the 10th District and is at 2259 S. Damen Avenue.

**3.** Under Rule 33, a defendant can receive a new trial for, among other grounds, a showing that newly discovered evidence warrants such relief, so long as the motion is made within two years

brought under Rule 33, the appellants' appeal would be governed by Fed.R.App.P. 4(b). If, however, the motion is construed as a collateral attack on the judgment, it would be subject to the provisions of Fed. R.App.P. 4(a). See Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Court. Since both the district court and the parties frame the discussion in terms of Fed.R.App.P. 4(a) and Fed.R.Civ.P. 60(b), we have assumed that the 1984 motion was brought under Section 2255 so that the time for appealing a civil action applies here.

■ As a second point, the motion to dismiss the indictment or for a new trial was filed at the time the appellants' direct appeal was pending in this Court. The filing of an appeal removes district court jurisdiction over most motions. *United States v. Hocking,* 841 F.2d 735, 736 (7th Cir.1988). However, there is no bar to raising a Section 2255 motion while the appeal is pending. *United States v. Davis,* 604 F.2d 474, 484 (7th Cir.1979), citing *Womack v. United States,* 395 F.2d 630 (D.C.Cir.1968).

### III.
#### Discussion

■ On September 15, 1987, the appellants asked the district court to vacate the March 19, 1987 order denying the motion to dismiss the indictment or for a new trial and to reenter that order under Fed.R.Civ. P. 60(b) so that a timely appeal of the denial of their motion for reconsideration could be made. The court's denial of a Rule 60(b) request, the subject of this appeal, is reviewed under an abuse of discretion standard. *Spika v. Village of Lombard, Illinois,* 763 F.2d 282, 284 (7th Cir. 1985), certiorari denied, 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771. In light of the reasons proffered for the failure to take a

timely appeal and the case law, we affirm the district court's ruling.

The timely filing of a notice of appeal is "mandatory and jurisdictional." *Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978). In civil judgments where the government is a party (as here), the appeal must be filed within sixty days. Fed.R.App.P. 4(a). However, upon a showing of either excusable neglect or good cause, the district court may extend the time an additional thirty days beyond that normally allotted. Fed.R.App.P. 4(a)(5).[4] No additional time to appeal is authorized under the rules. Consequently, courts have enforced Rule 4(a) "strictly according to [the] letter, regardless of the hardship involved." *Fidelity & Deposit Company of Maryland v. USAFORM Hail Pool, Inc.,* 523 F.2d 744, 749 (5th Cir.1975), certiorari denied, 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194; see also *United States v. Schuchardt,* 685 F.2d 901, 902 (4th Cir.1982) (per curiam) (discussing Fed. R.App.P. 26(b) which precludes the appellate court from enlarging the time otherwise permitted for the filing of an appeal).

Nonetheless, the appellants argue that the district court had discretion to vacate and reissue the March 19 order so that a timely appeal could be taken. In support, the appellants rely on *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute,* 500 F.2d 808 (D.C.Cir.1974) (per curiam). In *Expeditions Unlimited,* neither party discovered the entry of the court's summary judgment until ten months later. The appellants then filed a motion to vacate the judgment under Fed. R.Civ.P. 60(b), and asked that the judgment be reentered so that an appeal could be taken. The district court denied the motion, but the Court of Appeals for the District of Columbia reversed. *Id.* at 810.

---

of final judgment. In this case, the defendants claimed that the information gleaned from the Greylord investigation provided new evidence which would have exculpated them, and their 1984 motion was filed within two years of their 1982 convictions.

**4.** The appellants somehow calculate the latest date for the filing of their appeal as April 20. In

fact, the order denying reconsideration of the motion was issued on April 30, 1987. Thus the appeal would have been timely if filed by June 30, 1987. Assuming that the facts would have satisfied the "excusable neglect" test of Fed.R. App.P. 4(a)(5), the time for this civil appeal extended to July 30, 1987.

The court acknowledged that according to Fed.R.Civ.P. 77(d), the clerk's failure to notify a party will not guarantee a finding of "excusable neglect."[5] However, the opinion reasoned that so long as the winning party was not prejudiced by the appeal, the judgment could be vacated under Fed.R.Civ.P. 60(b). *Id.*

Other courts have similarly held that Rule 60(b) may be used to circumvent the otherwise harsh results of denying an out-of-time appeal. In *Rodgers v. Watt*, 722 F.2d 456 (9th Cir.1983) (en banc), for example, the Ninth Circuit upheld the use of Rule 60(b) for cases in which the following applied:

(1) absence of Rule 77(d) notice;

(2) lack of prejudice to respondent;

(3) prompt filing of a motion after actual notice; and

(4) due diligence, or reason for lack thereof, by counsel in attempting to be informed of the date of the decision.

*Rodgers*, 722 F.2d at 460. See also *Fidelity & Deposit Company of Maryland*, 523 F.2d at 751 (where neither party had notice, counsel had been diligent throughout protracted litigation, and there was no prejudice to either side, the judgment could be vacated and reentered under 60(b)); *Buckeye Cellulose Corporation v. Braggs Electric Construction Company*, 569 F.2d 1036 (8th Cir.1978) (per curiam); *Wallace v. McManus*, 776 F.2d 915 (10th Cir.1985) (per curiam); *Harnish v. Manatee County*, 783 F.2d 1535, 1537–38 (11th Cir.1986).

We addressed the merits of the *Expeditions Unlimited* approach in *Spika v. Village of Lombard, Illinois*, 763 F.2d 282 (7th Cir.1985), certiorari denied, 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771. In *Spika*, the district court had vacated and reentered its judgment in order to reinstate the time for appeal. We determined that we had no jurisdiction to hear the case since the district court's use of Fed.R.Civ. P. 60(b) was inappropriate. *Spika* held that Rule 77(d) will bar Rule 60(b) relief when "the *sole* reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment." *Id.* at 286 (emphasis in original). Indeed, attorneys are expected to exercise diligence in monitoring the disposition of their cases. *Id.* at 285, discussing Calkins, *The Emerging Due Diligence Standard for Filing Delayed Notice of Appeal in Federal Courts*, 19 Willamette L.Rev. 609 (1983). Without ruling that Rule 60(b) relief could never be granted, see *Burkett v. Cunningham*, 826 F.2d 1208, 1216 n. 23 (3d Cir.1987), we concluded that the appellant's failure to receive notice of entry of the order did not warrant its use. *Spika*, 763 F.2d at 286. See also *Wilson v. Atwood Group*, 725 F.2d 255, 258 (5th Cir. 1984) (en banc), certiorari dismissed *sub nom. Stark v. Atwood Group*, 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912.

The appellants rely heavily on the district court's statements indicating that if it were empowered to do so, Rule 60(b) relief would be granted. However, appellants' counsel in this case has "asserted no reason for relief other than the failure to receive notice of the entry of the order and judgment," *Spika*, 763 F.2d at 286; thus, Rule 60(b) relief was not warranted. See also *Tucker v. Commonwealth Land Title Insurance Company*, 800 F.2d 1054, 1056–1057 (11th Cir.1986) (per curiam). The lack of diligence is particularly difficult to excuse here since the district court had forewarned the parties, *at the appellants' request*, of April 30, 1987, the date on which the order would be issued. Furthermore, even after the appellants' new counsel learned of the April 30 order, they took nearly two months (from July 21 to September 15, 1987) to file the motion for permission to appeal *nunc pro tunc.*

---

5. Indeed, Rule 77(d) had been amended to avoid this result. The Advisory Committee Note to the 1946 amendment to the rule observes that the holding of *Hill v. Hawes*, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), impaired the finality of judgments. In *Hill*, the clerk of the court had failed to send notice of judgment to the plaintiff. The Supreme Court held that the plaintiff might have relied on the terms of Rule 77(d) requiring the clerk to send notice. Accordingly, the Court ruled that the district court had discretion to vacate the original order and enter a new one so that an appeal could be timely perfected.

Finally, the *Expeditions Unlimited* rule has been undermined, as demonstrated by *Ashby Enterprises v. Weitzman, Dym & Associates*, 780 F.2d 1043, 1047 (D.C.Cir. 1986); see also *Polylok Corporation v. Manning*, 793 F.2d 1318, 1321–22 (D.C. Cir.1986) (noting that the court has no authority to subvert the plain meaning of the federal rules despite harsh results). While *Ashby* does not overrule the *Expeditions Unlimited* use of Rule 60(b), the court refused to extend the approach to cases where at least one of the parties received notice of the entry of judgment. This is precisely what occurred in this case, so that appellants' reliance on *Expeditions Unlimited* is misplaced. Accordingly, we affirm the district court's order refusing to vacate and reenter its March 19, 1987 order.