**Louise M. WILLIAMS,
Plaintiff–Appellee,**

v.

**Richard G. HATCHER,
Defendant–Appellant.**

No. 89–1223.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 7, 1989.

Decided Dec. 13, 1989.

Robert G. Berger (argued), David E. Mears, Highland, Ind., for plaintiff-appellee.

Gilbert King, Jr., CC, Office of the Corp. Counsel, Douglas M. Grimes (argued), Gary, Ind., for defendant-appellant.

Before WOOD, Jr., COFFEY and EASTERBROOK, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Defendant–Appellant, Richard G. Hatcher, filed a Motion for Relief from Judgment in the district court under Rule 60(b) of the Federal Rules of Civil Procedure seeking to reinstate the time to file an appeal. The district court denied the motion, refusing to vacate and reenter judgment to provide Hatcher a second opportunity to perfect an appeal. We affirm.

On July 3, 1985, plaintiff-appellee, Louise M. Williams, filed suit under 42 U.S.C. § 1983 against the defendant-appellant, Richard G. Hatcher, individually and in his official capacity at that time as Mayor of the City of Gary. Williams also named the city of Gary, the Gary Department of Code Enforcement, and Ronald Sullivan, individually and in his official capacity as Director of the Department of Code Enforcement. On October 21, 1987, a jury returned a verdict in favor of Williams awarding $70,000.00 in compensatory damages, $10,000.00 in punitive damages against Hatcher, and $5,000.00 in punitive damages against Sullivan. Judgment was entered on the jury's verdict on October 22, 1987.[1]

Hatcher was still in office when the $10,000.00 punitive damages verdict was entered against him. He was represented by Alton L. Gill, Jr., corporation counsel during the Hatcher administration. Gill filed the post-trial motions for judgment notwithstanding the verdict and for a new trial on November 2, 1987.[2] Those motions

---

1. In her complaint, Williams alleged that her constitutional rights were violated when she was terminated from her employment at the Gary Department of Code Enforcement. Plaintiff, an active member of the Democratic Party, was terminated after she refused to purchase a ticket to a fundraiser given for Mayor Hatcher. The defendants alleged that Williams was discharged because of budgetary cutbacks; however, the evidence at trial revealed that Williams was replaced shortly after her discharge by a precinct committeeman and that seniority and job performance were not considered by the defendants in making the decision of whom to discharge. The jury concluded that the plaintiff's failure to participate in political activities was the motivating favor behind her discharge,

that the discharge action, taken by two policy-making officials, represented the policy and custom of the City of Gary and, as such, that Williams' constitutional rights were violated; the jury awarded $70,000.00 in compensatory damages. In addition, the jury found that Hatcher's actions were malicious and intentional, and awarded the plaintiff $10,000.00 in punitive damages against him.

2. In the district court opinion, Judge Reynolds stated that corporation counsel for the City of Gary had filed a notice of appeal on behalf of the defendants; however, the district court docket sheet indicates that the defendants only filed the post-trial motions for judgment not-

were still pending when Hatcher and Gill left office. Gilbert King, Jr., succeeded Gill as corporation counsel and assumed responsibility for this case. The post-trial motions were denied on February 1, 1988. The City did not file an appeal on its own behalf or on behalf of Hatcher.

Hatcher became aware of the rulings on the post-trial motions and the City's decision not to appeal in June 1988 when he was contacted about proceedings supplemental to the execution of the judgment. On July 6, 1988, Hatcher filed his Motion for Relief from Judgment asking to reinstate the time to file an appeal.[3] The district court denied the Motion. Hatcher's sole argument on appeal is that he is entitled to relief from judgment under Rule 60(b)(6) because he was not informed in a timely manner by the new corporation counsel that the post-trial motions had been denied and a decision had been made on behalf of the City not to appeal.

A motion to vacate judgment under Rule 60(b) is addressed to the sound discretion of the district court and the denial of a motion under Rule 60(b) is reviewed under an abuse of discretion standard. *DeRango v. United States,* 864 F.2d 520, 522 (7th Cir.1988); *McKnight v. United States Steel Corp.,* 726 F.2d 333 (7th Cir. 1984). "[A]buse of discretion in denying a 60(b) motion is established only when no reasonable person could agree with the district court; there is no abuse of discretion if a reasonable person could disagree as to the propriety of the court's action." *McKnight,* 726 F.2d at 335 (citations omitted).

In seeking review of the district court's denial of his motion, Hatcher recognizes that the case law that has addressed Rule 60(b)(6) has not extended to encompass the factual situation in this case; however, he argues that unique circumstances existed which prevented him from learning that the time for filing an appeal had passed, requiring the district court to vacate and reenter judgment to reinstate the time for appeal. Hatcher essentially argues that King's failure to give him a status report on the case denied him the opportunity to appeal.

In *Spika v. Village of Lombard,* 763 F.2d 282 (7th Cir.1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986), this court addressed the standards for relief from judgment under Rule 60(b)(6). Although the *Spika* court found that the facts of that case did not warrant relief under Rule 60(b), the court determined that Rule 60(b)(6) might be available to revive a lost right to appeal if there were a showing of diligence on the part of the party seeking relief. *Id.* at 285. The *Spika* court specifically rejected the more liberal standard for relief under Rule 60(b)(6) applied by the District of Columbia Circuit in *Expeditions Unltd. Aquatic Enter., Inc. v. Smithsonian Inst.,* 500 F.2d 808 (D.C.Cir.1974) (per curiam) that does not require a showing of diligence:

> We conclude, in accord with the majority of other circuits which have addressed the issue, that the better rule, requiring some diligence, should prevail in this circuit. 'The extraordinary relief provided by Rule 60(b) may be granted only upon a showing of exceptional circumstances.' *McKnight v. United States Steel Corp.,* 726 F.2d 333, 335 (7th Cir.1984). Additionally, where Rule 60(b)(6) relief is sought to revive a lost right to appeal, the language of Rule 77(d), as well as the need for finality of judgments, militate in favor of limiting such relief to those instances where some diligence or other special circumstances are shown.

*Spika,* 763 F.2d at 285. Finally, the *Spika* court noted that "the requisite diligence, sufficient reason or lack thereof, or other special circumstances necessary for Rule 60(b) relief to circumvent Rule 4(a) will require case by case analysis." *Id.* at 286.

---

3. Hatcher seeks to appeal only the $10,000.00 punitive damages verdict entered against him individually and not the compensatory damages award.

withstanding the verdict and for a new trial. After the post-trial motions were denied in February 1988, the docket sheet indicates that no attempt to appeal was made until Hatcher filed his Motion for Relief from Judgment.

In *DeRango v. United States*, 864 F.2d 520 (7th Cir.1988), this court reiterated the requirement that the party seeking relief under Rule 60(b)(6) demonstrate diligence before the extraordinary relief could be granted. *See also Coleman v. Smith*, 814 F.2d 1142, 1147 (7th Cir.1987) (" 'allowing relief under Rule 60(b)(6) requires a diligent, conscientious client' ") (quoting *Inryco v. Metropolitan Eng'g Co.*, 708 F.2d 1225, 1234 (7th Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983)).

In this instance, Hatcher seeks relief from judgment because he was not advised that the post-trial motions were denied and no appeal was filed; however, Hatcher makes no showing that he made any attempt to determine the status of the motions or an appeal during the nearly seven months between the time that the post-trial motions were filed and the time he was contacted about the proceedings supplemental to the execution of judgment. Hatcher knew that judgment had been entered against him. Therefore, he knew that it was time to begin to consider his appeal. Hatcher, an attorney, is presumably aware of the short and strict time periods for filing an appeal. Further, the fact that Hatcher and the corporation counsel he had appointed left office in January 1988 undermines any argument that Hatcher was diligent and acted reasonably in relying on the corporation counsel, who was no longer accountable to him, to keep him apprised of the status of the case. When Hatcher left office it became incumbent upon him to closely monitor the progress of the pending motions with the new corporation counsel to ensure that his right to appeal would be preserved. There is no evidence that he made any attempt to do so. Accordingly, Hatcher cannot satisfy the requirements for obtaining relief under Rule 60(b)(6).

"It is well-established that carelessness or a lack of due care on the part of a litigant or [his] attorney does not provide a basis for relief under Rule 60(b)." *McLaughlin v. Jung*, 859 F.2d 1310, 1312 (7th Cir.1988) (citing *Western Transp. Co. v. E.I. DuPont de Nemours & Co.*, 682 F.2d 1233, 1236 (7th Cir.1982); *Bershad v.

McDonough*, 469 F.2d 1333, 1337 (7th Cir. 1972)). At best, Hatcher's arguments for relief can be characterized as only the result of negligence or carelessness. Finally, as plaintiff's counsel noted at oral argument, to the extent that there is any merit to Hatcher's argument his dispute lies with the successor corporation counsel for the City of Gary. The negative consequences of counsel's alleged failure to properly represent Hatcher would be inappropriately visited upon the plaintiff in this case if the Motion for Relief from Judgment were granted. We conclude that the district court wisely exercised its discretion in denying the motion under Rule 60(b).

AFFIRMED.