TINOUSI JENNINGS as the administratrix of the ESTATE and widow of the late DAVID ELI JENNINGS, and as Guardian Ad Litem for JOHN DAVID JENNINGS, a Minor; ZENOBIA ZELPHER JENNINGS; and CHRISTABEL LUPE JENNINGS, Plaintiffs

v.

WALLACE H. JENNINGS, JACK THOMPSON, ELIZA THOMPSON, TUA FALEMANU as the TERRITORIAL REGISTRAR, and AMERICAN SAMOA GOVERNMENT, Defendants

ESTATE OF DAVID JENNINGS, TINOUSI JENNINGS, Executrix

v.

JACK THOMPSON and ELIZA THOMPSON, Defendants

High Court of American Samoa
Trial Division
Land and Titles Division

CA No. 11-84
LT No. 54-90

April 11, 1991

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge, MATA'UTIA, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala'ilima
For Defendants Jack and Eliza Thompson, Roy J.D. Hall, Jr.

Plaintiff moves for relief from the judgment entered on February 17, 1988, dismissing her action (CA No. 11-84) to recover a parcel of land in the possession of defendants Jack and Eliza Thompson. The facts and procedural history are as follows:

Plaintiff's contention in CA No. 11-84 was that this land belonged to the late Alexander Jennings and that an interest in it had been inherited by her children, for whom she was acting as guardian ad litem. The Thompson defendants responded that the land had always belonged to them and that a deed purporting to convey the land from Jack

35

Thompson to Alexander Jennings was a forgery. Some depositions were taken, but prosecution of the case ceased at or around the time plaintiff's attorney was appointed Attorney General of the Territory in late 1984 or early 1985. When plaintiff contacted her attorney at some time after his appointment, he told her he could no longer handle the case and that she should consult his immediate predecessor as Attorney General, with whom he had made some arrangements for taking over cases.

The Court has been informed of this arrangement not only in the present case but also in a number of others. The details of the arrangement have never been clear to the Court, but it appears that in many cases (including the present one) the original attorney felt that he had discharged his obligations to his clients by telling them he could no longer handle the case and that they should consult the designated replacement attorney. The latter, on the other hand, apparently believed that he had no obligations absent a specific agreement to take on the particular client. The actual situation, at least in the present case, was that the Court had never granted (nor even been given the opportunity to consider) a motion to withdraw as counsel. The original attorney of record therefore remained such, notwithstanding his assumption of official duties.

On January 14, 1988, in the course of a routine review of old case files, the Court served upon plaintiff's counsel of record a notice that CA No. 11-84 did not appear to have been diligently prosecuted and would be dismissed with prejudice unless good cause to the contrary should be shown within thirty days. On February 17, 1988, having received no response, the Court dismissed the action.

On September 26, 1990, plaintiff filed a new action, LT No. 54-90, seeking essentially the same relief she had sought in CA No. 11-84. The complaint in the new action acknowledged that an earlier action on the same subject had been dismissed and that the dismissal "purports to be" a dismissal on the merits, but suggested this dismissal did not bar the later action for two reasons: first, plaintiff's attorney in the earlier action never told her about its pending dismissal, and second, CA No. 11-84 was brought in the Trial Division rather than in the Land and Titles Division of the High Court, which has jurisdiction over land controversies.

Plaintiff simultaneously advanced these same arguments in a motion to vacate the judgment of dismissal in CA No. 11-84. Although this motion was styled as a motion in LT No. 54-90, the Court directed

that it be refiled as a motion in CA No. 11-84, so as to constitute a direct rather than a collateral attack upon the judgment it seeks to vacate.

Plaintiff subsequently submitted an affidavit from her attorney in CA No. 11-84, to the effect that he never received the Court's notice of dismissal. The Clerk of the High Court, however, responded with another affidavit to the effect that both the January 14 notice of pending dismissal and the February 17 order of dismissal were indeed placed in counsel's Court box, but that the secretary who had been assigned to pick up pleadings and notices from this attorney's Court box during the period had a habit of misplacing them. The Court also cannot help but take judicial notice of the fact that difficulties similar to the present one occurred in connection with a number of the then-Attorney General's private cases during this period. Notices from the Court concerning these cases, even when they specifically required a response, were generally ignored; only second or third notices, ordering that the client show cause why he should not be held in contempt of Court for not responding to the earlier notices, generally succeeded in getting the attorney's attention. Although we cannot say whether this was because the secretary lost the papers or because the attorney misunderstood his continuing obligations to the private clients for whom he remained attorney of record, we are satisfied that the notices were served.

Plaintiff's principal argument, to the effect that the failure to respond to the January 14 notice and to move within the ten days required by statute for a reconsideration of the February 17 order of dismissal should be regarded as "excusable neglect" within the meaning of T.C.R.C.P. 60(b), is without merit. As we restated the well-settled law on this proposition in *Lualemana v. Asifoa*, 17 A.S.R.2d 151 (1990):

> A motion for [relief from judgment] under Rule 60(b) cannot to [sic] be used as a substitute for appeal by one who has missed the deadline for appeal. Although courts have made exceptions to this rule when the party did not learn of the judgment prior to the appeal deadline through some fault of the clerk or another court official, it is an abuse of discretion for the court to use relief from judgment to allow an appeal where the party missed the deadline through his own fault or through the fault of his lawyer. *Spika v. Village of Lombard*, 763 F.2d 282, 285 (1985), and authorities cited therein.

37

*Id.* at 157.

Although the present case is arguably distinguishable from that of *Lualemana* in that the judgment here was rendered essentially by default rather than after a trial on the merits --- a factor going not so much to the excusability of the neglect as to the likelihood that vacating the judgment will ultimately lead to a different ultimate outcome on the merits --- plaintiff's motion also runs afoul of the explicit requirement of Rule 60(b) that a motion for relief from judgment on the ground of excusable neglect be brought "not more than one year after the judgment . . . was entered or taken." T.C.R.C.P. 60(b).

Plaintiff also contends that the judgment of dismissal in the earlier action should not be held dispositive of the merits because it was rendered by the wrong division of the High Court.

We agree that the action should have been brought not in the Trial Division but in the Land and Titles Division. Plaintiff's attorney styled it as a "Civil Action" in the "Trial Division" either by inadvertence or because of a belief held by some attorneys that a case having anything to do with a will should be brought in the Trial Division even if the action also concerned land. This mistake did not render either the action or the eventual judgment in it a nullity. The Trial Division and the Land and Titles Division consist of exactly the same judges operating under almost exactly the same rules. Except in mataititle cases, the difference between a Civil Action and a Land and Titles Action rarely goes beyond the caption. Absent a showing that an erroneous caption made some practical difference, the proper remedy is to give the case a new caption, not to vacate everything and start over.

In the present case, however, the caption actually did make a practical difference. In dismissing cases for want of diligent prosecution, the Court uses one standard form for all civil actions and another for actions concerning the right to possession of land. The civil form gives notice that the case will be dismissed with prejudice if good cause is not shown to the contrary; the land and titles form gives notice that the case will be dismissed without prejudice. These forms reflect the Court's considered judgment that most civil cases should be tried within a very few years or not tried at all, whereas in land cases it is frequently better to let sleeping dogs lie than to present the parties with a choice between immediate litigation and losing their claims forever. The concerns that give rise to these contrasting judgments are similar to those reflected in the different statutes of limitation: two years for actions founded on

38

personal injury, three years for actions on unwritten contracts, ten years for actions on written contracts, and twenty years for actions to recover real property. *See* A.S.C.A. § 43.0120.

Had CA No. 11-84 been styled a Land and Titles action, as it should have been, the dismissal would have been without prejudice. Had the Court noticed, at the time it issued the judgment of dismissal in 1988, that this action was actually one concerning the right to possession of real property, the standard form for Civil Actions would have been discarded or amended so as to enter the order of dismissal without prejudice. (We can say this with confidence because the judge who signed the 1988 order is also the writer of the present opinion.)

An oversight by the Court or a court official, as opposed to one by a party or his counsel, is generally regarded as an "other reason justifying relief from the judgment" under Rule 60(b)(6). There is no requirement that motions grounded on such oversights be brought within one year, only within "a reasonable time." T.C.R.C.P. 60(b)(6). This motion was brought about two and one-half years after the judgment of dismissal. We are satisfied that plaintiff herself did not learn her case had been dismissed until shortly before the motion for relief was brought. In light of this circumstance and of the twenty-year statute of limitations on actions for the recovery of land, we believe this was a reasonable time. (Although certain facts in the controversy that gave rise to these cases may have happened more than forty years ago, the most recent important development was a purported conveyance to the Thompson defendants by the former executor of the estate of Alexander Jennings in 1976.)

Finally, a party who moves for relief from a judgment under Rule 60(b) must prove a substantial likelihood that such relief will lead to a different outcome on the merits. If plaintiff can prove the facts she alleges in her complaint, and unless defendants can bear the rather heavy burden of proving the forgery they allege in their answer, plaintiff would appear to stand an excellent chance of prevailing on the merits.

Accordingly, the motion for relief from judgment is granted. The judgment of dismissal in CA No. 11-84 will be modified so as to be a dismissal without prejudice.

It is so ordered.