966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerry JONES, Plaintiff-Appellant,
v.
Richard J. ELROD, Phillip T. Hardiman, Willard Sullivan et
al., Defendants-Appellees.
 No. 90-3559.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 26, 1992.*
Decided June 3, 1992.
Rehearing Denied July 21, 1992.
 
 Before EASTERBROOK, and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Jerry Jones appeals the district court's denial of his "Motion to Reinstate Claim" which the court construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). We affirm.
 
 DISCUSSION
 
 2
 Jones filed a pro se complaint pursuant 42 U.S.C. § 1983 alleging that defendants failed to protect him while he was a pre-trial detainee. On April 22, 1987 the district court granted defendants' motion to dismiss. On November 18, 1989, Jones mailed a "Motion to Reinstate Claim" to the district court, which was denied on October 16, 1990.
 
 
 3
 A district court's decision on a Rule 60 motion will not be reversed absent an abuse of discretion. Reinsurance Company of America, Inc. v. Administria Asigurarilor, 902 F.2d 1275, 1277 (7th Cir.1990). Jones contends that he is entitled to relief under Rule 60(b)(6) because he did not receive a copy of the final order dismissing his case, and therefore he was denied the opportunity to appeal. Rule 60(b)(6) provides that a party may be relieved from judgment for "any other reason justifying relief." Rule 60(b)(6) may be used to revive a lost right to appeal if the party seeking relief demonstrates diligence. Williams v. Hatcher, 890 F.2d 993, 995 (7th Cir.1989).
 
 
 4
 Because Jones does not explain adequately the thirty-one month delay in bringing the motion, he fails to meet the threshhold requirement of Rule 60(b)(6). The record indicates that the first effort by Jones to determine the status of his case was a letter dated February 28, 1988 requesting a copy of "any final disposition" of his case. Not only had 10 months passed since the entry of judgment, but Jones was released from prison May 1, 1987 and did not bother to inquire about his case until he was back in prison on new charges. Jones recites a litany of personal difficulties he encountered upon being released from prison, but these do not excuse his failure to pursue his claim.
 
 
 5
 Moreover, in a letter dated April 13, 1988 Jones requested a copy of the final order in the case "that was dismissed April 22, 1987." Despite this unequivocal admission that on April 13, 1988, he knew his case had been dismissed a year earlier, Jones waited another 19 months to bring his Rule 60 motion. Jones does not even attempt to explain this delay. Because the record shows a complete lack of diligence on the part of Jones he cannot revive his right to appeal, and the district court did not abuse its discretion in denying his "Motion to Reinstate Claim."
 
 CONCLUSION
 
 6
 For the foregoing reasons, the decision of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs