116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daniel Ray WALKER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3965.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 13, 1997.
Decided May 30, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96-C-4396; Suzanne B. Conlon, Judge
 Before FLAUM, KANNE, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Pro se prisoner Daniel Ray Walker appeals the denial of his second habeas corpus petition by the district court for lack of jurisdiction under Nunez v. United States, 96 F.3d 990 (7th Cir.1996). We affirm in part and reverse and remand in part.
 
 
 2
 During the pendency of the direct appeal from his conviction for mail fraud and unauthorized use of a credit card, Mr. Walker filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. The district court denied the § 2255 motion on March 5, 1993, stating that his claims were procedurally barred. This court subsequently affirmed his conviction on direct appeal. He did not appeal the denial of his § 2255 motion.
 
 
 3
 In May 1996, Mr. Walker had his supervised release revoked and was sentenced to 24 months in prison. In July 1996 he filed a second § 2255 motion asserting various claims associated with his original sentence and conviction, including the denial of effective assistance of appellate counsel, the denial of effective assistance of counsel at sentencing, and the denial of due process because of pre-indictment delay. In September 1996 Mr. Walker filed a supplement to his § 2255 motion which raised an additional issue regarding the sentencing on the revocation of his supervised release. The government concedes that Mr. Walker has not previously challenged the supervised release revocation proceeding. The district court, however, summarily dismissed the entire petition for lack of jurisdiction and Mr. Walker appealed.
 
 
 4
 Mr. Walker contends that the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 ("the Act") does not apply to him, and thus the district court erred when it summarily dismissed his second § 2255 motion. Mr. Walker asserts that the district court should not have ruled on the merits of his first motion while his direct appeal was still pending and that he was mousetrapped, as discussed in Burris v. Parke, 95 F.3d 465 (7th Cir.1996) (en banc). We disagree.
 
 
 5
 While it is true, as petitioner states, that this circuit recognizes the general rule that "absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending," United States v. Robinson, 8 F.3d 398 (7th Cir.1993), there is no bar to filing a § 2255 motion while an appeal is pending. DeRango v. United States, 864 F.2d 520, 522 (7th Cir.1988). Thus, the district court had jurisdiction to consider Mr. Walker's first § 2255 motion. United States v. Davis, 604 F.2d 474, 484 (7th Cir.1979). Moreover, after his first § 2255 motion was denied, he did not appeal; thus Mr. Walker is left with a merits disposition for his first § 2255 motion. Under Benton v. Washington, 106 F.3d 162 (7th Cir.1996), and Felder v. McVicar, No. 97-9019 (7th Cir. May 8, 1997), the initial motion filed by Mr. Walker counts as his "first" motion.
 
 
 6
 We also disagree with Mr. Walker's claim that he was mousetrapped and that the Act is, therefore, inapplicable. People are mousetrapped within the meaning of Burris v. Parke when they decide to include or omit a claim, believing that they will be able to raise it later, and the Act prevents them from doing so. Mr. Walker contends that he could not have raised his ineffective assistance of counsel claim in his first § 2255 motion because his direct appeal was still pending. However, Mr. Walker could have filed his § 2255 motion, which included his ineffective assistance of appellate counsel claim, after his direct appeal had been decided. The Act did not change the law on this issue and he was, therefore, not "mousetrapped" into filing his first petition.
 
 
 7
 Thus, the Act applies to Mr. Walker's claims. For the reasons set forth in our order issued today addressing Mr. Walker's application for leave to file a second or successive § 2255 motion (No. 97-9046), we affirm the district court's dismissal for lack of jurisdiction on those issues associated with his original conviction and sentence. However, we reverse and remand the dismissal of Mr. Walker's § 2255 motion challenging the sentence imposed for the violation of his supervised release because this is the first time he has challenged this sentence.
 
 
 8
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.