9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gregory D. RESNOVER, Petitioner-Appellant,
v.
Linley E. PEARSON, Attorney General, and RICHARD CLARK,
Respondent-Appellee.
 No. 93-1073.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1993.
Decided Oct. 22, 1993.*
Rehearing and Suggestion for Rehearing En Banc
Denied Dec. 9, 1993.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Gregory D. Resnover brought this action pursuant to Federal Rule of Civil Procedure 60(b)(6) to request relief from the judgment which denied his original habeas corpus action. Resnover was convicted of murdering an Indianapolis police officer in 1980 and the case has gone up and down the appeals process ever since. Aside from our own consideration, Resnover's case has been reviewed by the Indiana Supreme Court three times, the district court twice, and the United States Supreme Court has denied all four of Resnover's petitions for writ of certiorari. Resnover's federal habeas action, which followed his state appeals, was rejected by the district court, then by this court in Resnover v. Pearson, 965 F.2d 1453 (7th Cir.1992), cert. denied, 113 S.Ct. 2935 (1993). In this most recent action, Resnover asked the district court for relief pursuant to Rule 60(b)(6). On October 23, 1992, the district court held a hearing to review Resnover's motion, concluded that Resnover did not present anything that warranted disturbing the underlying judgment, and denied his motion. The district court also considered claims that were advanced for the first time at the hearing and treated those claims, appropriately so, as a successive petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. In a separate opinion, the district court denied relief. We affirm.
 
 I.
 
 2
 A motion to vacate a district court's judgment pursuant to Rule 60(b)(6) is addressed to the sound discretion of the district court.[1] Williams v. Hatcher, 890 F.2d 993, 995 (7th Cir.1989). When confronted with a Rule 60(b)(6) motion to vacate, the district court must weigh a variety of factors, including the value of finality, the probability that an error affected the outcome of the proceeding, the probability that a second go-round could produce a "better" outcome, and the costs to the parties. Metlyn Realty Corp. v. Esmark, Inc., 763 F.2d 826, 831 (7th Cir.1985). The district court must also consider the cost to society as the finality of judgments is undercut anytime a Rule 60(b)(6) motion is granted. Id. Relief from a judgment pursuant to Rule 60(b)(6) is an extraordinary remedy that the district court may grant only in unusual or exceptional circumstances. United States v. Keane, 852 F.2d 199, 202 (7th Cir.), cert. denied, 490 U.S. 1084 (1988); United States v. One 1979 Rolls-Royce Corniche, 770 F.2d 713, 716 (7th Cir.1985). We review a district court's decision under the abuse of discretion standard. Williams, 890 F.2d at 993. For us to find that the district court abused its discretion, we must conclude that no reasonable person could agree with the district court's decision. Id.; Metlyn, 763 F.2d at 831. When the district judge who reviews the Rule 60(b)(6) motion also rendered the underlying judgment and concludes that any error complained of did not affect the earlier decision, the movant's task is more difficult still. Id. at 831. In this case, the district judge who denied Resnover's Rule 60(b)(6) motion also issued the underlying judgment. To make things even more difficult for Resnover, we affirmed that judgment in Resnover v. Pearson, 965 F.2d 1453 (7th Cir.1992), cert. denied, 113 S.Ct. 2935 (1993). We review the district court's decision with these standards--and our affirmance of the underlying judgment--in mind.
 
 
 3
 On appeal, Resnover contends that the district court should have granted his motion because: (1) the state suppressed evidence that one of its witnesses, Gregory Johnson, acted as a state agent; (2) the state misled the jury and this court as to the terms of that witness' deal; and (3) his attorney was negligent.
 
 
 4
 To support his first two claims, Resnover offers the affidavits of Gregory Johnson, Joyce Johnson, Ernest Davis, and Mark Earnest, and a partial transcript of a taped interview of Gregory Johnson by prosecutor Stephen Goldsmith. Davis' affidavit states that Davis was involved in a series of robberies with Gregory Johnson and that Davis heard Goldsmith offer Johnson a deal for "single digits" and that he could "talk his way down." Gregory Johnson's affidavit, as relevant here, declares that Johnson faced a potential sentence of three hundred years because he was a habitual offender and participated in a series of robberies. Gregory Johnson's affidavit states that Goldsmith offered him a sentence of two years if Johnson would provide him with information. Joyce Johnson's affidavit also avers that Goldsmith offered Gregory Johnson a possible two year sentence in exchange for information. Earnest's affidavit states that he was retained in October 1989 to investigate another case. In the course of Earnest's investigation, he spoke with Gregory Johnson. Johnson told Earnest that he (Johnson) feared that if Goldsmith found out that he talked with Earnest about the other case, Johnson would violate his parole. Finally, the transcript offered by Resnover indicates that the state would recommend a sentence of ten to twenty years if Gregory Johnson would give honest, full, and truthful statements about matters that Johnson had knowledge of concerning a robbery and a matter described as the "K-Mart Brink's operation." Appellants Appendix at 24.
 
 
 5
 These affidavits and the transcript do not support Resnover's allegations. First of all, the jury at trial knew that Johnson received a reduced sentence in exchange for his cooperation. That Johnson was merely offered a possible two year sentence changes nothing and certainly does not establish that Johnson acted as a state agent. We agree with the district court that nothing in the affidavits or the transcript of the Johnson-Goldsmith interview merits Rule 60(b)(6) relief.
 
 
 6
 Resnover also claims that his attorney's performance was constitutionally deficient. We already decided this issue, Resnover, 965 F.2d at 1459-61, and see nothing in the record before us now that would cause us to vacate that decision. Certainly, the district court did not abuse its broad discretion in denying relief on this issue.
 
 
 7
 We also agree with the district court's decision to deny habeas relief to Resnover. As an initial matter, Resnover has not challenged the district court's decision on this issue and, as such, we summarily affirm the court's decision. In any event, the district court properly decided that Resnover is not entitled to habeas relief. The state pleaded abuse of the writ, as it is required to do under Sawyer v. Whitley, 112 S.Ct. 2514 (1993) and McCleskey v. Zant, 111 S.Ct. 1454 (1991). Resnover has failed to disprove the abuse, to show cause and prejudice, or to show any fundamental miscarriage of justice as he is required. Sawyer, 112 S.Ct. at 2518-19; McCleskey, 111 S.Ct. at 1470-72. He has also not alleged "actual innocence" and, even if he could show actual innocence, he would not be entitled to relief. See Herrera v. Collins, 113 S.Ct. 853, 857 (1993) (Court refused petitioner's invitation to hold that his showing of actual innocence entitled him to relief in second federal habeas proceeding). As such, Resnover has presented nothing here to warrant granting habeas relief. We therefore affirm the district court's decision on this ground pursuant to Circuit Rule 22(h).
 
 III.
 
 8
 The decision of the district court to deny Resnover's Rule 60(b)(6) motion and to deny habeas relief is
 
 
 9
 AFFIRMED.
 
 
 
 *
 Pursuant to Circuit Rule 22(h), this case was assigned to the original panel that decided Resnover's first habeas petition. Resnover v. Pearson, 965 F.2d 1453 (7th Cir.1992), cert. denied, 113 S.Ct. 2935 (1993). After preliminary examination of the briefs, the panel decided oral argument would not be helpful. The appeal has therefore been submitted and decided on the briefs
 
 
 [1]
 Rule 60(b)(6) states:
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.
 Fed.R.Civ.P. 60(b)(6).