UNITED STATES of America,
Plaintiff–Appellee,

v.

George W. BARGER, Defendant–
Appellant.

Nos. 97–2606, 97–2607 and 97–3054.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 21, 1999.

Decided May 10, 1999.

Sharon Jackson (argued), Judith A. Stewart, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Linda M. Wagoner (argued), Indiana Federal Community Defenders, Inc., Indianapolis, IN, for Defendant–Appellant.

Before BAUER, COFFEY, and MANION, Circuit Judges.

BAUER, Circuit Judge.

Defendant George W. Barger raises two issues in this appeal. First, he claims that he should have been sentenced according to the United States Sentencing Guidelines. Second, he claims that the issues raised in his § 2255 motion are not moot. For the reasons set forth below, we affirm the district court's decision to sentence Barger under pre-Guidelines standards, but vacate the order holding that the issues raised in Barger's § 2255 motion are moot and remand the matter for further proceedings.

## I. BACKGROUND

This case has a long, sordid past, and is now, for a variety of reasons, before us for the third time. We will set out the facts briefly.

In June of 1989, a federal grand jury charged Barger with sixty-four counts of mail fraud, in violation of 18 U.S.C. § 1341, and twenty-four counts of wire fraud, in violation of 18 U.S.C. § 1343. In addition, a one count information charged Barger with federal income tax evasion for the tax year of 1986, in violation of 26 U.S.C.

§ 7201. Pursuant to a plea agreement, Barger pled guilty to seven of the mail fraud charges, as well as the tax evasion charge. On June 21, 1990, the district judge sentenced Barger to a 20 year executed prison sentence, without applying the Sentencing Guidelines.

Because of what we have already affectionately labeled a "comedy of errors," *see Barger v. United States*, 41 F.3d 1510 (7th Cir.1994) (unpublished disposition), Barger's attempts at directly appealing his sentence were denied. Barger then filed a motion pursuant to 28 U.S.C. § 2255 asking the court to vacate, set aside or correct his sentence, which was also denied. However, based on our decision in *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994),[1] we vacated the denial of Barger's § 2255 motion and remanded the case to the district court to determine if, despite Barger's requests for an appeal of his sentence, his original counsel failed to timely file one. Upon remand, the district court found that Barger did indeed request a direct appeal, but his counsel failed to file the notice on time. The district court then granted Barger's request for a direct appeal of his sentence, but found all other issues raised in his § 2255 motion moot. On this appeal, Barger argues (1) that the district court should have applied the Sentencing Guidelines when determining his sentence; and (2) that the issues raised in his original § 2255 motion are not moot.

## II. DISCUSSION

### A. Application of the Sentencing Guidelines

 Findings of fact under the Sentencing Guidelines are reviewed for clear error, and legal interpretations of the Guidelines are reviewed *de novo*. *United States v. Hach*, 162 F.3d 937, 949 (7th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1586, 143 L.Ed.2d 680 (1999). As

---

1. In *Castellanos*, we held that if an attorney fails to file a direct appeal despite his client's explicit request to do so, the defendant has

been denied the assistance of counsel on appeal. *Castellanos*, 26 F.3d at 718. An opinion of absolute common sense.

originally written, the Sentencing Guidelines were to apply only to offenses committed after November 1, 1987. *United States v. Tharp,* 892 F.2d 691, 693 (8th Cir.1989). However, regardless of the Guidelines' somewhat ambiguous language, all of the circuits now agree that "straddle offenses" (offenses beginning before November 1, 1987 but continuing after November 1, 1987) are also covered by the Sentencing Guidelines. *See, e.g., United States v. Lowry,* 971 F.2d 55 (7th Cir. 1992); *United States v. Dale,* 991 F.2d 819 (D.C.Cir.1993), *cert. denied,* 510 U.S. 1030, 114 S.Ct. 650, 126 L.Ed.2d 607 (1993); *United States v. Story,* 891 F.2d 988 (2d Cir.1989).

Barger contends that the district court should have applied the Sentencing Guidelines because the indictment charged that his scheme to defraud lasted from 1984 until 1988, and thus it qualifies as a straddle offense. Other courts have held that the fact that a criminal scheme takes place over a period of time does not necessarily make it a straddle offense subject to the Sentencing Guidelines. *United States v. Miro,* 29 F.3d 194, 198 (5th Cir.1994). In *Miro,* the Fifth Circuit held that, unlike an ongoing conspiracy charge, mail fraud is punishable once the material is placed in the mail, and, regardless of the continuing nature of the scheme, each mailing constitutes a separate offense. *Id.* Similarly, the Fourth Circuit held in *United States v. Bakker,* 925 F.2d 728 (4th Cir.1991), that mail fraud and wire fraud are not ongoing crimes that can straddle the effective date of the Sentencing Guidelines; "rather, they are crimes that occur on specific, identifiable occasions." *Id.* at 739.

We agree with the Fourth and Fifth Circuits that multiple mail frauds, in and of themselves, do not constitute a straddle offense. To prove mail fraud, the government must show that the defendant: (1) participated in a scheme to defraud; and (2) caused the mails to be used in furtherance of that fraudulent scheme. *United States v. Bonansinga,* 773 F.2d

166, 168 (7th Cir.1985), *cert. denied,* 476 U.S. 1160, 106 S.Ct. 2281, 90 L.Ed.2d 723 (1986). Thus, it is the causing of the mails to be used in furtherance of the fraudulent scheme that constitutes the offense of mail fraud. *See McNally v. United States,* 483 U.S. 350, 359, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987) (Congress' intent in passing the mail fraud statute was "to prevent the use of the mails in furtherance of [fraudulent] schemes."). It is entirely possible for a defendant to be guilty of several counts of mail fraud that are all in furtherance of the same scheme (as is the case here). If we were to find otherwise, a defendant could only be charged with one count of mail fraud, regardless of the number of mailings.

Though decided in a different context, it is well settled that the statute of limitations for mail fraud begins running on the date of the mailing and not when the criminal scheme is complete. *United States v. Dunn,* 961 F.2d 648, 650 (7th Cir.1992). Mail fraud is not an offense listed as a "continuing offense" whose statute of limitations begins at the end of a continuous course of criminal conduct. *See Toussie v. United States,* 397 U.S. 112, 134–35, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970) (White, J., dissenting). While the date for determining when the statute of limitations begins to run is not dispositive on the issue of whether mail fraud is a straddle offense, it is certainly significant. Ordinarily, the statute of limitations begins to run only upon completion of the crime. *Toussie,* 397 U.S. at 115. Just as the statute of limitations for mail fraud begins at the time of the mailing, we find that the crime of mail fraud is completed, for sentencing purposes, at the time of the mailing. The actual duration of the scheme is of no import.

While Barger is correct in his assertion that the indictment does charge him with a continuing scheme to defraud lasting until 1988, the actual counts of mail fraud to which Barger pled guilty all arose

from mailings that occurred in 1986. Barger was charged with sixty-four separate counts of mail fraud, all in furtherance of the same scheme. Since all of the mailings to which Barger pled guilty occurred before the imposition of the Sentencing Guidelines, the offense is not a straddle offense subject to the application of the Sentencing Guidelines. The district court correctly imposed a sentence without the use of the Sentencing Guidelines.

## B. Barger's § 2255 Motion

Next, Barger appeals the district court's ruling that all of the issues raised in his § 2255 motion are moot. A § 2255 motion to vacate, set aside or correct a sentence is appropriate for any "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Barger first asserts that he can maintain this § 2255 motion at this time, during the pendency of his direct appeal, based on our language in *DeRango v. United States*, 864 F.2d 520 (7th Cir.1988). In DeRango, we said that "there is no bar to raising a Section 2255 motion while the appeal is pending." *Id.* at 522. While this is certainly true, we have held on more than one occasion that a district court should not consider a § 2255 motion while a direct appeal is pending, absent extraordinary circumstances. *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir.1993) (collecting cases). The reason is that the disposition of the direct appeal could render the § 2255 motion moot. *Id.*

Barger raises a host of constitutional issues in his § 2255 motion ranging from ineffective assistance of counsel to violations of equal protection and Eighth Amendment rights. While the constitutional claims raised in Barger's § 2255 motion may be raised collaterally, a § 2255 motion is not to be used as a substitute for a direct appeal. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir.1989). For constitutional challenges to a conviction to be properly brought under a § 2255 proceeding, a defendant must make a showing of good cause for, and prejudice from, the failure to raise the issues on direct appeal. *Id.*

One of the three ways to raise an ineffective assistance of counsel claim is to file a § 2255 motion. *United States v. Taglia*, 922 F.2d 413, 417–18 (7th Cir. 1991), *cert. denied sub nom. McDonnell v. United States*, 500 U.S. 927, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991). To do so, however, the defendant must offer some additional evidence not provided in the record to support his claim. *Id.* Here, Barger claims that the issues raised in his § 2255 motion can only be fairly litigated "after he has had an opportunity to supplement the record in support of his contentions." Appellant's Brief at 12. Although Barger has now raised this § 2255 motion twice, no district court has adequately ruled on it because he was eventually granted permission to file the instant direct appeal.

When the district court granted Barger the right to file a direct appeal, it summarily dismissed the claims in his § 2255 motion as moot. Properly, the court should have dismissed the claims without prejudice giving Barger an opportunity to raise the issues after the disposition of this appeal. *Cf. Robinson*, 8 F.3d at 406; *United States v. Davis*, 604 F.2d 474, 485 (7th Cir.1979). This would give Barger the opportunity to present evidence to the district court under the "cause and prejudice" standard to show why the issues in his § 2255 motion were available for collateral attack and why they were not brought on direct appeal. For the sake of efficiency (and since this case is now coming up on its tenth year) Barger need not re-file his § 2255 motion. The § 2255 motion is remanded to the district court to dispose of the issues raised after

Barger has had an opportunity to supplement the record.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's decision to sentence Barger under pre-Guidelines standards, we VACATE its decision that the issues raised in Barger's § 2255 motion are moot, and REMAND the § 2255 motion to the district court to determine whether, after supplementing the record and under the "cause and prejudice" standard, Barger has any viable claims.