UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

IVEY WALKER,

*Petitioner-Appellant,*

v.

N. L. CONNOR, Warden,

*Respondent-Appellee.*

No. 02-7459

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-97-22)

Submitted: June 24, 2003

Decided: July 16, 2003

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

### COUNSEL

Ivey Walker, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Ivey Walker appeals the district court's order dismissing his 28 U.S.C. § 2241 (2000) petition. For the reasons set forth below, we vacate and remand for further proceedings.

The district court dismissed Walker's § 2241 petition on the ground that Walker filed it in the wrong court. Section 2241 petitions must be filed in the district of incarceration. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Walker is incarcerated in Kansas, but filed his § 2241 petition in the Western District of North Carolina. Although the district court is correct to the extent that Walker's petition can be properly considered as arising under § 2241, we find that the claims raised in Walker's petition are more properly considered pursuant to 28 U.S.C. § 2255 (2000). *See* § 2255; *Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In re Jones*, 226 F.3d 328, 329-30 (4th Cir. 2000).

We note that at the time Walker filed his petition in the district court, his direct criminal appeal was still pending in this court. Thus, a § 2255 motion would have been premature at that time. Because we recently issued a decision on direct appeal, Walker's § 2255-type claims are now ripe for disposition. Before construing Walker's case as one arising under § 2255, however, Walker is entitled to notice and opportunity to respond under our decision in *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002).

Accordingly, because we find that Walker seeks to raise claims that are more properly considered under § 2255, we vacate the district court's order and remand the case for further proceedings. On remand, the district court should give Walker the notice required under *Emmanuel*, consider his claims under § 2255 (barring any objection from Walker), and provide him a reasonable amount of time to amend the motion to reflect any additional claims for relief. *See id.* at 649-50. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

IVEY WALKER,

*Petitioner-Appellant,*

v.

N. L. CONNOR, Warden,

*Respondent-Appellee.*

No. 02-7459

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-97-22)

Submitted: June 24, 2003

Decided: July 16, 2003

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Ivey Walker, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ivey Walker appeals the district court's order dismissing his 28 U.S.C. § 2241 (2000) petition. For the reasons set forth below, we vacate and remand for further proceedings.

The district court dismissed Walker's § 2241 petition on the ground that Walker filed it in the wrong court. Section 2241 petitions must be filed in the district of incarceration. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Walker is incarcerated in Kansas, but filed his § 2241 petition in the Western District of North Carolina. Although the district court is correct to the extent that Walker's petition can be properly considered as arising under § 2241, we find that the claims raised in Walker's petition are more properly considered pursuant to 28 U.S.C. § 2255 (2000). *See* § 2255; *Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In re Jones*, 226 F.3d 328, 329-30 (4th Cir. 2000).

We note that at the time Walker filed his petition in the district court, his direct criminal appeal was still pending in this court. Thus, a § 2255 motion would have been premature at that time. Because we recently issued a decision on direct appeal, Walker's § 2255-type claims are now ripe for disposition. Before construing Walker's case as one arising under § 2255, however, Walker is entitled to notice and opportunity to respond under our decision in *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002).

Accordingly, because we find that Walker seeks to raise claims that are more properly considered under § 2255, we vacate the district court's order and remand the case for further proceedings. On remand, the district court should give Walker the notice required under *Emmanuel*, consider his claims under § 2255 (barring any objection from Walker), and provide him a reasonable amount of time to amend the motion to reflect any additional claims for relief. *See id.* at 649-50. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*