Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Argued November 10, 2003        Decided December 9, 2003

No. 02–3113

UNITED STATES OF AMERICA,
APPELLEE

v.

KINLEY W. HOWARD,
APPELLANT

————

Appeal from the United States District Court
for the District of Columbia
(No. 02cr00079–01)

————

*Brian W. Shaughnessy* argued the cause for appellant. With him on the brief was *Harvey J. Volzer.*

*Susan A. Nellor*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Roscoe C. Howard, Jr.*, U.S. Attorney, *John R. Fisher, Elizabeth Trosman*, and *Linda T. McKinney*, Assistant U.S. Attorneys.

Before: RANDOLPH and ROBERTS, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge.*

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

————

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

WILLIAMS, *Senior Circuit Judge*: Kinley Howard was convicted of two counts of mail fraud and one of wire fraud arising from his efforts to defraud the heirs to his aunt's estate. Though Howard raises several issues on appeal, all but one can be rejected without a published opinion. The remaining argument is that the court improperly imposed a two-level sentence enhancement for Howard's violation of a judicial order. On this one point we reverse and remand the case for resentencing.

\* \* \*

Following the death of his aunt Mildred Powell on July 15, 1996, Kinley Howard sought to become executor of her estate. Although the probate court initially denied his petition because he was not a descendant of Powell, Howard forged the signature of his mother (Powell's sister) and secured appointment as co-executor. Following his appointment, Howard engaged in mail and wire fraud to transfer funds from Powell's holdings in Washington, D.C., to bank accounts he established in Florida. Howard later withdrew money from the Florida accounts and transferred it to his personal and business accounts.

The last act of wire or mail fraud for which Howard was indicted occurred on April 9, 1997. On August 7, 1997, almost four months later, the probate judge learned of Howard's possible malfeasance and issued an order suspending his executorship. Despite this order, Howard continued to transfer funds from the Florida accounts to his own accounts through December 1997. At sentencing, the district court found that Howard's offense involved violation of a judicial order and imposed a two-level enhancement under U.S.S.G. § 2F1.1(b)(4) (November 1, 1998), the guidelines vintage selected by the district court as generally most favorable to Howard. (See Tr. 12/06/02 at 2.) The court observed that Howard's continued transfer of funds following the probate order was "relevant, on the issue of whether he did, in fact, have the intent to defraud, which is clearly an element of both

the wire and mail fraud counts of the indictment." (Tr. 12/06/02 at 29–30.)

The relevant guidelines section called for a two-level increase if

> the offense involved ... a violation of any judicial or administrative order ... not addressed elsewhere in the guidelines. . . .

U.S.S.G. § 2F1.1(b)(4) (November 1, 1998). Recodified in the 2002 version as § 2B1.1(b)(7)(C), the section now includes the modifiers "prior, specific" before the phrase "judicial ... order." As it would be hard to say that an offense "involved ... a violation" of an order that did not exist, the change appears not to affect the section's substance.

Howard argues that the mailings and the wire transfer that formed the basis of the three counts all occurred before the probate court's order. Although we are not sure why the district court emphasized that the violation of the court order was relevant to Howard's intent (it certainly appears to have been), the court seems implicitly to have ruled that the two-level bump applies whenever activity constituting any part of any element of an offense violates a court order.

Neither this nor any other circuit appears to have yet considered what elements of an offense must occur after a judicial order for the offense to "involve" a violation. But the Seventh Circuit in *United States v. Barger*, 178 F.3d 844 (7th Cir. 1999), faced a related question—application of the concept of a "straddle offense" to a mail fraud conviction. A straddle offense is one that began before November 1, 1987—the date the guidelines went into effect—but continued after that date. While the guidelines may be applied to such offenses without violating the ex post facto clause, their application to offenses completed before their effective date would risk a violation. Barger's last mail usage had been in 1986, though his scheme continued past November 1, 1987. In refusing to find Barger's crimes to be straddle offenses, the court invoked statute of limitations principles. "Just as

the statute of limitations for mail fraud begins at the time of the mailing, we find that the crime of mail fraud is completed, for sentencing purposes, at the time of the mailing. The actual duration of the *scheme* is of no import." *Id.* at 847 (emphasis added). Because a mail fraud violation is a use of the mails in furtherance of a scheme, it is possible for a defendant to be guilty of multiple mail fraud violations, each based on a mailing, in pursuit of a single scheme. *Id.*

In applying the statute of limitations to mail and wire fraud the circuits appear uniformly to focus on the actual mailing and use of the wires. For mail fraud, see *United States v. Eisen*, 974 F.2d 246, 263 (2d Cir. 1992); *United States v. United Medical & Surgery Supply Corp.*, 989 F.2d 1390, 1398 (4th Cir. 1993); *United States v. Ashdown*, 509 F.2d 793, 797–98 (5th Cir. 1975); *United States v. Crossley*, 224 F.3d 847, 859 (6th Cir. 2000); *United States v. Dunn*, 961 F.2d 648, 650 (7th Cir. 1992); *United States v. Pemberton*, 121 F.3d 1157, 1163 (8th Cir. 1997). For wire fraud, see *United States v. Tadros*, 310 F.3d 999, 1006 (7th Cir. 2002) (citing *Barger*, 178 F.3d at 847); *United States v. Gross*, 416 F.2d 1205, 1210 (8th Cir. 1969) (mail and wire fraud).

In each of these cases, to be sure, the use of the mails or wires *within* the period allowed the government to reach the crime and yet rely on proof of scheme activity in an otherwise time-barred period. Thus the cases are holdings only for the sufficiency, not the necessity, of using the mails within the statutory period. But no court has in any way suggested that the statute of limitations would be satisfied as long as any one element of the offense, e.g., part of the scheme, fell within the period. Requiring that the order-violating conduct consist of the mailing or wiring acknowledges these acts' role as the source of federal jurisdiction. See, e.g., *United States v. Reid*, 533 F.2d 1255, 1260 (D.C. Cir. 1976). It also seems likely in the present context to be comparatively clear and thus to contribute to sentencing uniformity.

Because Howard's last use of the mails or wires occurred on April 9, 1997, both offenses were completed by that date. The order from the probate judge was not issued until August

7, 1997, so neither the mail nor wire fraud offenses can be said to have violated the order. Accordingly, though affirming Howard's conviction in all other respects, we reverse the two-level enhancement under § 2F1.1(b)(4) and remand the case for resentencing.

*So ordered.*