**Lisa Anne GERRISH, Petitioner**

v.

**UNITED STATES of America, Respondent**

**Blaine Lewis Gerrish, Petitioner**

v.

**United States of America, Respondent**

**Nos. CIV. 04–153–P–H, CIV. 04–154–P–H.**

United States District Court, D. Maine.

Jan. 25, 2005.

---

Lisa Anne Gerrish, Pro Se, Alderson, WV.

Margaret D. McGaughey, F. Mark Terison, Office Of The United States Attorney, District Of Maine, Portland, ME, for United States of America, Respondent.

Blaine Lewis Gerrish, Pro Se, Bradford, PA.

## ORDER

HORNBY, District Judge.

■ The applications for certificates of appealability are **DENIED**.

■ 1. *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), are not applicable to cases that were not on direct appeal when they were decided. By its very terms, *Booker* states that it is to apply "to all cases on direct review." —— U.S. ——, at ——, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005), with no reference to cases on collateral review. There is no reason to treat *Blakely* any differently. These cases furnish no basis, therefore, to attack the length of the petitioners' sentences or, in Blaine Gerrish's case,[1] the amount of the fine. *See Orchard v. United States,* 332 F.Supp.2d 275, 277 (D.Me.2004) (concluding that *Blakely* does not apply retroactively to cases on collateral review); *cf. Sepulveda v. United States,* 330 F.3d 55, 63 (1st Cir.2003) (determining that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the decision underlying *Blakely* and *Booker,* applies only on direct appeal, not on a section 2255 motion); *Schriro v. Summerlin,* —— U.S. ——, ——, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which, like *Blakely* and *Booker,* applied and extended the reasoning of *Apprendi,* does not apply retroactively to cases already final on direct review).

---

1. The petitioners, husband and wife, have filed virtually identical motions. The only significant difference is that Blaine Gerrish also attacks his fine. (No fine was imposed on Lisa Gerrish.)

2. There is no basis for the ineffective assistance of counsel claim. As the Magistrate Judge concluded, according to the petitioners' version there was a discussion with counsel about appeal within the meaning of *Roe v. Flores–Ortega*, 528 U.S. 470, 486, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The Supreme Court has ruled that in such a context, "Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478, 120 S.Ct. 1029. Here, the petitioners allege that upon the initial request to take an appeal, there was a discussion about cost and that following that discussion, no appeal was taken. That is not enough to meet the standard of *Flores–Ortega*. Moreover, the petitioners have failed to submit the allegations under penalty of perjury as required by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. § 2255. *See United States v. LaBonte*, 70 F.3d 1396, 1413 (1st Cir.1995) ("A habeas application must rest on a foundation of factual allegations presented under oath either in a verified petition or a supporting affidavit.... Facts alluded to in an unsworn memorandum will not suffice.") (citations omitted), *overruled on other grounds*, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997).

So Ordered.