UNITED STATES of America,

v.

James Lester PENNIEGRAFT, Dante Rashad Penniegraft, Sandra Banks Thompson, Tommy Penniegraft, Joann Penniegraft Cheek, Earl Dwayne Boss, Orlando Burton, Stevie Louis Graves Deborah Penniegraft Mapp, Herman Gene McBride, and Valerie Kaye Penniegraft, Defendants.

No. 1:03CR454–2, 1:03CR454–3, 1:03CR454–4, 1:03CR454–5, 1:03CR454–6, 1:03CR454–7, 1:03CR454–8, 1:03CR454–9, 1:03CR454–10.

United States District Court,
M.D. North Carolina.

Feb. 7, 2005.

Lawrence Patrick Auld, Sandra J. Hairston, Office of U.S. Attorney, Greensboro, NC, for Plaintiff.

Bruce Alan Lee, Theophilus O. Stokes, III, A. Wayne Harrison, Anne R. Littlejohn, John B. Hatfield, Jr., Hatfield & Hatfield, Ames Colby Chamberlin, Causey Law Offices, Jan Elliott Pritchett, Schlos-

ser Neill & Brackett, Michael K. Troutman, Thomas Hilton Johnson, Jr., Gray Newell Johnson & Blackmon, L.L.P., Gary Goodman, Greensboro, NC, John Carlyle Sherrill, III, Sherrill & Sherrill, Salisbury, NC, Lisa S. Costner, Jerry Jordan, Fred Robinson Harwell, Jr., Davis & Harwell, P.A., Charles D. Luckey, Blanco Tackabery Combs & Matamoros, P.A., Winston–Salem, NC, David Thomas Lambeth, Jr., Burlington, NC, for Defendants.

## ORDER

BEATY, District Judge.

This matter is before the Court on various motions by the Defendants in this case requesting resentencing based on the recent decision of the United States Supreme Court in United States v. Booker, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Defendants James Lester Penniegraft, Tommy Penniegraft, Sandra Banks Thompson, Orlando Burton, Joann Penniegraft Cheek, Dante Rashad Penniegraft, and Herman Gene McBride have all filed Motions to Correct Sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure [Document Nos. 252, 259, 255, 234, 245, 249, 269, respectively]. In addition, Defendants Earl Dwayne Boss, Deborah Penniegraft Mapp, and Sandra Banks Thompson have filed Motions for Release Pending Appeal pursuant to 18 U.S.C. § 3143(b) [Document Nos. 246, 236, 227, respectively]. The Court held a status conference in this matter on February 4, 2005 to address the various outstanding motions, and during that time the Defendants raised additional motions. The Court is issuing this Order to indicate for the record the rulings made by the Court during and after that hearing. The Court will first address the Motions filed by the various Defendants to correct or reduce their sentences pursuant to Rule 35. The Court will then address the motions raised during the February 4, 2005

hearing, as well as the scope of any future proceedings before this Court, first as to those Defendants who have already appealed their sentence, and then as to those Defendants who have not appealed their sentence.

## I. REQUESTS FOR RESENTENCING PURSUANT TO RULE 35(a)

Several of the Defendants, including those who have appealed and those who have not appealed, have filed motions for resentencing pursuant to Rule 35(a). Rule 35(a) provides that, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." However, the Court of Appeals for the Fourth Circuit has ruled that Rule 35(a) is available in only limited circumstances. See United States v. Shank, 395 F.3d 466 (4th Cir. 2005). In Shank, the Fourth Circuit held that under Rule 35, "the court must act within seven days of sentencing, and ... a timely motion by the defendant does not extend this period." Id. The Fourth Circuit held that Rule 35 "clearly imposes a seven-day jurisdictional limit." Id. Finally, the Court noted that the "seven-day time period for correcting a sentence begins on the day the district court orally pronounces sentence." Id. at 470 n. 5.

■ In this case, the Court orally pronounced sentence as to all of the Defendants on December 9, 2004. The Court had jurisdiction to correct the sentence under Rule 35(a) for seven days from that date. However, under Shank, the Court no longer has jurisdiction at this time to act pursuant to Rule 35(a), regardless of when the Defendants filed their various motions. The Court need not reach the question of whether a pre-Booker sentence would qualify as "clear error" under Rule 35, since the Court lacks jurisdiction to act under Rule 35. Therefore, all of the mo-

tions pursuant to Rule 35 [Document Nos. 252, 259, 255, 234, 245, 249, 269] must be denied. In addition, the related motions by Defendants James Lester Penniegraft, Tommy Penniegraft, Joann Penniegraft Cheek, and Herman Gene McBride to extend the time for filing a Rule 35 Motion [Document Nos. 251, 260, 242, 268, respectively] are likewise denied.

## II. ADDITIONAL PROCEEDINGS RELATED TO DEFENDANTS WHO HAVE ALREADY APPEALED THEIR SENTENCES

■ Defendants James Lester Penniegraft, Tommy Penniegraft, Sandra Banks Thompson, Earl Dwayne Boss, and Deborah Penniegraft Mapp ("the Appeal Defendants") each entered a notice of appeal within 10 days of the Court's entry of Judgment and Commitment in their case. See Federal Rule of Appellate Procedure 4(b). The Court notes first that, absent extraordinary circumstances that do not appear here, it would be inappropriate for this Court to take any further action as to these Defendants while their cases are pending on appeal. *Cf. Walker v. Connor,* 72 Fed.Appx. 3, 2003 WL 21660483 (4th Cir.2003) (unpublished) (holding that while a defendant's direct criminal appeal was pending in the Fourth Circuit, collateral review "would have been premature."); *United States v. Barger,* 178 F.3d 844, 848 (7th Cir.1999); *United States v. Cook,* 997 F.2d 1312, 1319 (10th Cir.1993); *Womack v. United States,* 395 F.2d 630, 631 (D.C.Cir.1968) ("[T]here is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but ... the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.").[1]

However, the Supreme Court clearly held in *Booker* that the decision in *Booker* is applicable to cases pending on direct appeal. *Booker,* —— U.S. at ——, 125 S.Ct. at 769. In addition, the Court of Appeals for the Fourth Circuit recently held that where a defendant was given a sentence that included enhancements that were not found by a jury or admitted by the defendant, the sentence was "plain error" in light of *Booker* and the case should be remanded for resentencing. *See United States v. Hughes,* 396 F.3d 374, 2005 WL 147059 (4th Cir.2005). Given the Fourth Circuit's reasoning in *Hughes,* it appears that each of the Appeal Defendants' Guideline sentences in the present case would be considered "plain error" and would be remanded to this Court for resentencing in light of *Booker.*

If the cases are remanded for resentencing, the Court notes, however, that the alternative sentences previously announced by this Court will not be used as the basis for resentencing. As recommended by the Court of Appeals for the Fourth Circuit in *United States v. Hammoud,* 381 F.3d 316, 354 (4th Cir.2004)(en banc), after imposing sentences based upon the Federal Sentencing Guidelines, this Court also announced alternative sentences should the Supreme Court determine that *Blakely* applied to the Guidelines. However, this Court announced alternative sentences that were based on the appropriate Guideline range looking solely at those facts that were found by the jury or admitted by the defendant, as indicated by *Blakely.* The Supreme Court in *Booker,* in a majority decision by Justice Stevens, determined that the Sentencing Guidelines were in fact unconstitutional in light of *Blakely.*

---

1. This rule similarly applies to any other defendants who were sentenced by this Court and who have appealed that sentence in light

of *Blakely.* The Court notes that any potential *Booker* issues in such a case will be resolved as appropriate by the Fourth Circuit.

However, a different majority of the Court ("the remedial majority"), in an opinion by Justice Breyer, found that the Sixth Amendment concerns could be remedied by making the Sentencing Guidelines advisory rather than mandatory. Justice Stevens dissented from this remedy, and contended that the Sixth Amendment violations should be remedied by requiring that "any fact that is required to increase a defendant's sentence under the Guidelines" be found by the jury or admitted by the defendant.

The alternative sentences previously announced by this Court are consistent with the remedy proposed by Justice Stevens in dissent in *Booker*, but are not in line with the remedial majority's ultimate decision. Therefore, those alternative sentences will not be imposed or converted into actual sentences. Instead, if the cases are remanded for resentencing, the Court will impose sentences in light of the majority's decision in *Booker* and in light of the subsequent decision of the Court of Appeals for the Fourth Circuit in *United States v. Hughes*, 396 F.3d 374 (4th Cir.2005).

■ This Court has adopted the following procedure for imposing a discretionary sentence as directed by the Supreme Court in *Booker* and by the Fourth Circuit in *Hughes*. First, the Court will calculate the applicable Guidelines range, including any appropriate sentencing enhancements, even if those enhancements were not found by the jury or admitted by the defendant. United States attorneys and defense attorneys will be given an opportunity to make objections to the proposed calculation contained in the pre-sentence report, as has previously been done. The Court will resolve any disputes at the sentencing hearing and will make any necessary findings based on a preponderance of the evidence submitted. Thus, the Court will continue to make any necessary findings of fact and resolve any disputed issues so that a possible sentence based on the proper Sentencing Guidelines range can be determined and factored into the Court's determination of an appropriate discretionary sentence for each individual Defendant.

Second, in imposing a sentence in light of *Booker* and *Hughes*, the Court will consider other relevant factors as set forth in 18 U.S.C. § 3553(a). For example, the Court's ultimate discretionary sentence will also take into account and consider the nature and circumstances of the offense, the history and characteristics of the defendant, the types of sentence available, any pertinent policy statements issued by the Sentencing Commission, the need to provide restitution to victims of the offense, Congress' objective of avoiding unwarranted sentence disparities, and whether the sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the Defendant with needed training and medical care.

The Court will then impose a discretionary sentence based on a consideration of the Guidelines range, as well as these other relevant factors set forth in 18 U.S.C. § 3553(a). To the extent that the Court may impose a sentence that may be different from that which might otherwise have been available based solely on the Guidelines, the Court will announce its reasons for the sentence. It is important to note that a sentence under this format will not represent a "departure" under the Guidelines, and will not be considered as a "departure" for purposes of reporting or recording the Court's post-*Booker* sentence. Rather, the sentence to be imposed in light of *Booker* will be a discretionary sentence that is imposed after considering the advisory Guidelines range along with the other sentencing factors set out in 18 U.S.C.

§ 3553(a). That sentence, and the reasons for the Court's imposition of that sentence, will be stated in open court and will be included with specificity in the Court's written order of Judgment and Commitment as required by 18 U.S.C. § 3553(c).

In addition, although there is no basis for the Court to resentence any of the Defendants whose cases are presently on appeal, the Court may nevertheless consider the motions of the Defendants pursuant to 18 U.S.C. § 3143(b) for release pending appeal. Pursuant to 18 U.S.C. § 3143(b), a defendant who has been sentenced is to be detained unless the Court finds (1) that the person is not likely to flee or pose a danger to any other person or to the community; and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in ... a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the expected duration of the appeal process. 18 U.S.C. § 3143(b). In this case, Defendants Earl Dwayne Boss, Deborah Penniegraft Mapp, and Sandra Banks Thompson have each requested release pursuant to § 3143(b) [Document Nos. 246, 236, 227], contending their appeals raise a substantial question of law or fact based on the decision of the United States Supreme Court in *Booker*. Those motions are set for hearing on Friday, February 11, 2005 at 10:00 a.m.

In addition, during the hearing on February 4, 2005, Defendants Tommy Penniegraft and James Lester Penniegraft also requested leave to file motions for release pending appeal pursuant to § 3143(b). The Government did not object to that request, although the Government requested an opportunity to respond to any § 3143(b) motions that might be filed. Therefore, the Court grants leave to Defendants Tommy Penniegraft and James Lester Penniegraft to file motions pursu-ant to § 3143(b), and directs that any such motions be filed by Tuesday, February 8, 2005. The motions will be set for hearing on Friday, February 11, 2005 at 10:00 a.m. The Government may respond orally at the hearing, or may file a written response by Thursday, February 10, 2005. At the hearing, the Court will address specifically as to each of the Appeal Defendants whether the appeal raises a question of law that would result in a "reduced sentence to a term of imprisonment less than the expected duration of the appeal process." However, the Court will make no final determination regarding what the appropriate sentence would be should the Court of Appeals remand these cases for resentencing in light of *Booker*. If the cases are remanded, an appropriate determination will be made at that time following the procedure outlined above as well as any other direction provided by the Court of Appeals.

## III. ADDITIONAL MOTIONS BY DEFENDANTS WHO DID NOT FILE NOTICE OF APPEAL

Defendants Orlando Burton, Joann Penniegraft Cheek, Dante Rashad Penniegraft, Stevie Louis Graves, Herman Gene McBride, and Valerie Kaye Penniegraft did not appeal their sentences within 10 days of the entry of the Judgment and Commitment in their cases. As noted above, the Court does not have jurisdiction to correct their sentences pursuant to Rule 35. However, under Federal Rule of Appellate Procedure 4(b)(4):

Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

During the hearing on February 4, 2005, Defendants Orlando Burton, Dante

Rashad Penniegraft, Stevie Louis Graves, and Valerie Kaye Penniegraft each made a motion pursuant to Rule 4(b)(4) for an extension of time to file notice of appeal. During the hearing, the Court granted those motions and gave each of those Defendants until February 7, 2005 to file notice of appeal. The Court notes that the Judgments as to Stevie Louis Graves and Dante Rashad Penniegraft were entered on December 28, 2004. Thus, those Defendants would have been required to file a notice of appeal by Wednesday, January 12, 2005. *See* Fed. R.App. P. 26(a)(2) (excluding intermediate Saturdays, Sundays, and legal holidays from the 10–day period). Under Rule 4(b)(4), the Court may extend the time to appeal for a period of not more than 30 days from that date upon a showing of good cause. The Court finds that good cause exists for extending the time for filing a notice of appeal, given the timing of the Supreme Court's decision in *Booker.* Therefore, by oral order entered on February 4, 2005, Defendants Stevie

Louis Graves and Dante Rashad Penniegraft are granted until Monday, February 7, 2005 to file notice of appeal. Similarly, the Judgment as to Defendant Orlando Burton was entered on January 7, 2005, and he would have been required to file a notice of appeal by Monday, January 24, 2005. The Court finds that good cause exists for extending the time for filing a notice of appeal pursuant to Rule 4(b)(4), given the timing of the Supreme Court's decision in *Booker.* Therefore, by oral order entered on February 4, 2005, Defendant Orlando Burton is given until Monday, February 7, 2005 to file notice of appeal.

In addition, the Court notes that the Judgment and Commitment Orders as to Defendants Joann Penniegraft Cheek and Valerie Kaye Penniegraft were entered on December 21, 2004. During the hearing on February 4, 2005, the Court indicated that the time for extending the appeal period may have expired, and indicated that the only recourse may be pursuant to 28 U.S.C. § 2255.[2] However, by the

---

**2.** Under 28 U.S.C. § 2255, a defendant may challenge his or her sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, the Court notes that new rules of criminal procedure are not generally applicable to cases on collateral review pursuant to 28 U.S.C. § 2255. *See Schriro v. Summerlin,* — U.S. —, —, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that new rules of criminal procedure do not apply retroactively to cases already final on direct review); *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 1075, 103 L.Ed.2d 334 (1989) ("[N]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"); *see also McReynolds v. United States,* 397 F.3d 479 (7th Cir.2005) (holding that *Booker* is a procedural decision that "does not apply retroactively to criminal cases that became final before its release on January 12, 2005"); *Gerrish v. United States,* 353 F.Supp.2d 95 (D.Me.2005) (holding that *Booker* is "not ap-

plicable to cases that were not on direct appeal when they were decided"). In addition, the Court also notes that failure to appeal a sentence will ordinarily result in a waiver of issues that could have been raised on direct appeal. *See, e.g., United States v. Metzger,* 3 F.3d 756 (4th Cir.1993) (holding that "the government's 'interest in the finality of its criminal judgments' warrants a stringent cause-and-prejudice standard of review for § 2255 movants who waive their right of direct appeal." (quoting *United States v. Frady,* 456 U.S. 152, 166–68, 102 S.Ct. 1584, 1593–94, 71 L.Ed.2d 816 (1982))); *United States v. Sanders,* 247 F.3d 139, 144 (4th Cir.2001) (holding that the defendant must ordinarily establish 'cause' for failing to raise the issue on direct appeal, as well as actual prejudice). The Court need not reach the question of whether the alternative sentences that were included in the respective Judgments of each of the named Defendants provide some basis for deviating from these general rules, since each of the Defendants in the present case may choose to seek review of their sentence

Court's calculation, after excluding intermediate Saturdays, Sundays, and legal holidays, the notice of appeal would have been required to have been filed by January 6, 2005.[3] Thus, pursuant to Rule 4(b)(4), the Court could extend the appeal period through February 5, 2005. Therefore, pursuant to Rule 4(b)(4) and based on the Court's finding of good cause, the Court by oral order entered on February 4, 2005, granted Defendants Joann Penniegraft Cheek and Valerie Kaye Penniegraft until February 5, 2005 to file notice of appeal.[4]

Finally, the Court notes that Defendant Herman Gene McBride's Judgment was entered on January 4, 2005, and notice of appeal would have been required to have been filed on January 19, 2005. Mr. McBride was not present at the February 4, 2005 hearing because his case was rescheduled for February 11, 2005 due to scheduling conflicts, and as a result Mr. McBride has not requested an extension pursuant to Rule 4(b)(4). However, if Mr. McBride chooses to make such a request, the Court in its discretion will grant Mr. McBride until February 11, 2005 to file notice of appeal.

As to all of these Defendants who have been given an extended period for filing notice of appeal—that is, Defendants Orlando Burton, Joann Penniegraft Cheek, Dante Rashad Penniegraft, Stevie Louis Graves, Herman Gene McBride, and Valerie Kaye Penniegraft—the Court notes that should any of the Defendants choose

not to file a notice of appeal, then the prior sentence imposed by this Court pursuant to the Sentencing Guidelines will be of full force and effect. If any of these Defendants file a notice of appeal and wish to file a request for release pending appeal pursuant to 18 U.S.C. § 3143(b), that motion must be filed by Tuesday, February 8, 2005. The motions will be set for hearing on Friday, February 11, 2005 at 10:00 a.m. The Government may respond orally at the hearing, or may file a written response by Thursday, February 10, 2005. If any of the Defendants choose not to file a notice of appeal or do not make a motion for release pending appeal, then those Defendants are hereby given a reporting date of March 18, 2005.

## IV. CONCLUSION

In sum, this Court lacks jurisdiction to resentence Defendants pursuant to Rule 35, and all of the pending Motions pursuant to Rule 35 [Document Nos. 252, 259, 255, 234, 245, 249, 269] are DENIED. In addition, the related motions to extend the time for filing a Rule 35 Motion [Document Nos. 251, 260, 242, 268] are likewise DENIED, since the Court lacks jurisdiction to act under Rule 35 more than seven days after sentencing, regardless of when the motions are filed.

As to the Defendants who have appealed their sentence, this Court will not entertain any motion for resentencing those De-

through direct appeal rather than through 28 U.S.C. § 2255.

**3.** Under Federal Rule of Appellate Procedure 26(a)(4), a "legal holiday" includes New Year's Day, Christmas Day, and "any other day declared a holiday by the President, Congress, or the state in which is located either the district court that rendered the challenged judgment or order, or the circuit clerk's principal office." The Court notes that the Commonwealth of Virginia, in which the Fourth Circuit clerk's principal office is located, des-

ignates New Year's Day and Christmas Day as legal holidays, and "[w]henever any of such days falls on Saturday, the Friday next preceding such day ... shall be a legal holiday." Va.Code Ann. § 2.2–3300. Based on this rule, the Court considers Friday, December 24, 2004 and Friday December 31, 2004 as legal holidays.

**4.** Since February 5, 2005 is a Saturday, Defendants Joann Penniegraft Cheek and Valerie Kaye Penniegraft would have until Monday, February 7, 2005 to file notice of appeal.

fendants while their cases are on direct appeal. However, those Defendants have clearly preserved their constitutional objections and, in light of *Hughes*, the Court expects that the Fourth Circuit will remand those cases for resentencing in accord with *Booker*. Defendants Orlando Burton, Joann Penniegraft Cheek, Dante Rashad Penniegraft, Stevie Louis Graves, Herman Gene McBride, and Valerie Kaye Penniegraft have not previously appealed their sentence, and the Court finds good cause pursuant to Federal Rule of Appellate Procedure 4(b)(4) to grant Defendant Joann Penniegraft Cheek until February 5, 2005 to file notice of appeal, and to grant the remaining Defendants until February 7, 2005 to file notice of appeal. Should any of the Defendants choose not to file a notice of appeal, then the prior sentence imposed by this Court pursuant to the Sentencing Guidelines will be of full force and effect.

Defendants who choose to file a notice of appeal and who wish to file a request for release pending appeal pursuant to 18 U.S.C. § 3143(b) must file such a motion by Tuesday, February 8, 2005. The motions will be set for hearing on Friday, February 11, 2005 at 10:00 a.m. The Government may respond orally at the hearing, or may file a written response by Thursday, February 10, 2005. If any of the Defendants do not file a notice of appeal or do not make a motion for release pending appeal, then those Defendants are hereby given a reporting date of March 18, 2005.